No. 83-383

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN THE MATTER OF THE GUARDIANSHIP
AND CONSERVATORSHIP OF OLE SWANDAL
and GLADYS B. SWANDAL, Incapacitated
Adults.

APPEAL FROM: The District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

McKinley Anderson, Bozeman, Montana

For Respondent:

Swandal, Douglass & Swandal, Livingston, Montana

Submitted on Briefs: February 2, 1984

Decided: May 24, 1984

Filed: MAY 24 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Petitioners, Bruce and Sherry Knowlton, appeal from a Park County judgment dismissing their petition requesting the trial court to appoint a guardian and conservator for the respondents, Ole and Gladys Swandal.

The sole issue is whether substantial credible evidence exists to support the findings and conclusions that Ole and Gladys Swandal are not in need of a guardian or property conservator. Essentially, the petitioners argue that the physical infirmities of the Swandals make it difficult for them to manage their affairs, and therefore that they are "incapacited person(s)" within the meaning of section 72-5-306, MCA, such as to require the appointment of a guardian. In addition, the petitioners contend that a conservator of the Swandals' estate should be appointed under section 72-5-409(2)(a) and (b), MCA, because they have property that will otherwise "be wasted or dissipated . . ." The Swandals are against either appointment and wish to continue to reside on and operate their ranch with the help of their ranchhands, James and Jane Frei. We affirm.

Respondents, Ole and Gladys Swandal, own and reside on a 5,000 acre ranch near Wilsall, Montana, where they have been living for well over 30 years. Ole Swandal was born in Norway, received some schooling there, and eventually immigrated to Montana. Ole is 82 years old. Gladys Swandal was born and raised in Montana, and she is 74 years old.

Petitioner Sherry Knowlton is the Swandals' granddaughter and only living descendant. She was living with her husband in Portland, Oregon, before they moved, at their own invitation, to the Swandals' ranch in Montana.

Sherry Knowlton had visited her grandparents several times before she and Bruce decided to pack up and move to Montana to take care of the ranch and Ole and Gladys. Sherry and Bruce had written from Oregon to Dr. L. M. Baskett in Livingston, requesting that he write a letter to Bruce's employer in Oregon to the effect that the Knowltons were needed in Montana to care for the Swandals. This way, Bruce was able to get a leave of absence and was able to return to his job after they lost at the trial level, and they did in fact move back to Oregon.

Appointment of a Guardian

Appointment of a guardian for an "incapacitated person" in Montana is controlled by statute, section 72-5-306, MCA. That section provides in pertinent part:

"Guardianship for an incapacitated person may be used only as is necessary to promote and protect the well-being of the person. The guardianship must be designed to encourage the development of maximum self-reliance and independence in the person and may be ordered only to the extent that the person's actual mental and physical limitations require it . . ." (Emphasis added.)

An "incapacitated person" is defined in section 72-5-101(1), MCA, as:

". . . any person who is impaired by reason of mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, or other cause (except minority) to the extent that he lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person or which cause has so impaired the person's judgment that he is incapable of realizing and making a rational decision with respect to his need for treatment."

To determine whether the Swandals are "incapacitated person(s)," the trial court, pursuant to section 72-5-315, MCA, appointed an examining physician to physically examine the Swandals, and also appointed a "visitor" to interview

them. Both the physician, Dr. L. M. Baskett, and the "visitor," Social and Rehabilitative Services worker Kathy Ellison, reported their findings to the trial court.

Dr. Baskett has known the Swandals for many years, and has been their treating physician for the last three or four years. He is well aware of Ole Swandal's double hernia condition and of Gladys Swandal's ulcerated rheumatoid arthritis, and in fact he was referring to those physical health problems when he wrote the letter to the petitioners while they were still in Oregon. He did not state in that letter, nor did he report to the court that the Swandals had any abnormal mental deficiency. He testified that Gladys' mental condition is "good" and Ole's is "acceptable," and they are able to make decisions concerning their day-to-day affairs.

It is true that Ole Swandal refuses to have his hernia condition surgically corrected, but he recognizes the fact that he does need the operation. He simply refuses to have it, and Dr. Baskett testified that it is not life threatening in any way. Ole's situation is therefore different from that contemplated by section 72-5-101(1), MCA, which refers to a person whose judgment is so impaired by his disability that he is "incapable of realizing and making a rational decision with respect to his need for treatment." In short, Dr. Baskett reported that the Swandal's physical health is bad, but their mental health is good for people their age.

"Visitor" Kathy Ellison twice interviewed the Swandals at their ranch, spoke with neighbors, the petitioners, Dr. Baskett, the housekeeper and others, and concluded also that although the Swandals are old and not in real good health, they are mentally firm and do not need a guardian.

- 4 -

Psychological tests were also performed on the Swandals by William E. Harris, M.Ed. Without detailing the results of each of the several tests performed, the results did show that the Swandals, considering their ages, are still very much in possession of their faculties.

The evidence as a whole shows that the Swandals do have some physical health problems, but they suffer little mental deficiency. Gladys Swandal regularly meets with the accountant to discuss the ranch business transactions and still writes the company checks. Ole Swandal, though incapable of much heavy work, spends a lot of time with ranchhand Jim Frei, feeding and caring for the approximately 160 head of cattle. Their ranchhouse is "always clean," and they are "always coherent" when people come to visit.

Because the Swandals, at their age, cannot run the ranch as well as the Knowltons or others might, is no reason to appoint a guardian. The statutes, sections 72-5-306 and 72-5-101(1), are clear in requiring both physical and mental impairment. There is no evidence to show that the Swandals are mentally infirm as provided in those sections.

Appointment of a Conservator

The appointment of a conservator is also controlled by statute in Montana. Sections 72-5-409(2)(a) and (b), MCA, provide:

> "(2)    Appointment of a conservator or other protective order may be made in relation to the estates and affairs of a person if the court determines that:
>
> "(a)    the person is <u>unable</u> <u>to</u> <u>manage</u> <u>his</u> <u>property</u> <u>and</u> <u>affairs</u> <u>effectively</u> <u>for</u> <u>reasons</u> <u>such</u> <u>as</u> <u>mental</u> <u>illness</u>, <u>mental</u> <u>deficiency</u>, <u>physical</u> <u>illness</u> <u>or</u> <u>disability</u>, <u>advanced</u> <u>age</u>, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance; <u>and</u>

- 5 -

"(b) the person has property which will be wasted or dissipated unless proper management is provided . . ."

The petitioners contend that once the trial court found that the Swandals are "physically incapable" of running the ranch by themselves, it had a duty to appoint a conservator to insure the property is not "wasted or dissipated." We do not agree.

The court's finding that the Swandals are "physically incapable" satisfies the requirement of section 72-5-409(2)(a), but subsection (b) requires a showing that the "person has property which will be wasted or dissipated" unless "proper management" is provided. The trial court specifically found that with the help of the Freis, the Swandals are able to "effectively" run the ranch. Indeed, the premises and cattle herd were found to be in good shape, contrary to allegations by the petitioners. There is no evidence that the Swandals' property will be "wasted or dissipated" if a conservator is not appointed. The evidence demonstrates that their property and affairs were effectively managed.

Substantial evidence supports the findings and conclusions of the trial court that the Swandals are still in possession of their mental faculties, and that their ranch property is not in jeopardy of immediate waste or dissipation.

The District Court order dismissing the guardian and conservator petition is affirmed.

_____
                    Justice

We Concur:

_____
      Chief Justice

_____

_____

_____
        Justices

- 7 -