No. 94-379

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN THE MATTER OF
THE CONSERVATORSHIP OF:

ANDREW J. KOVATCH,

   A Protected Person.

FILED

JUN 01 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Ninth Judicial District,
In and for the County of Pondera,
The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

       Maxon R. Davis, Cure, Borer & Davis, Great Falls,
Montana

     For Respondent:

       Chris Christensen, Keil & Christensen, Conrad,
Montana


Submitted on Briefs: February 9, 1995

Decided: June 1, 1995

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The appellant, Ann Cogswell, appeals from an order of the District Court for the Ninth Judicial District, Pondera County, denying her petition to be appointed conservator for her father, Andrew Kovatch. We affirm.

The sole issue on appeal is whether the District Court erred in finding that Andrew's property is not being wasted or dissipated and that appointment of a conservator for Andrew's estate is unnecessary.

Ann Cogswell and Merrill Kovatch are the only children of Andrew Kovatch, aged 88. Andrew, who has been widowed since 1990, resides in a nursing home and is unable to manage his affairs and property due to mental deficiency and physical illness or disability. Andrew's principal asset is 1,480 acres of farmland in Toole County of which 1,371 acres are enrolled in the Conservation Reserve Program (CRP). The acreage was put into the program in 1988 and the income is split between Andrew as owner and Merrill as operator with Andrew receiving $27,580.00 per year and Merrill receiving $27,500.00 per year.

On February 1, 1991, Andrew granted Merrill a Power of Attorney to handle all of Andrew's business affairs. Under the authority of this Power of Attorney, Merrill pays Andrew's real estate taxes and living and care expenses at the nursing home from Andrew's checking account. In addition, Merrill has transferred all certificates of deposit and stocks and bonds into joint tenancy between Andrew, Ann and himself. Merrill has also made gifts on

2

Andrew's behalf to Ann and himself.

On January 4, 1994, Ann filed a petition in District Court in Pondera County to be appointed conservator for her father. The petition specifically noted that the income from Andrew's cropland in Toole County was being improperly diverted to Merrill by virtue of Merrill having wrongfully listed himself as the operator of the farm when it was enrolled in the CRP. Merrill filed an Answer and Counter-Petition denying that the appointment of a conservator was necessary and asserting his right to be appointed conservator for his father.

At a hearing on June 6, 1994, an attorney appointed to represent Andrew concluded that Andrew lacked the mental capacity to handle his own affairs. Ann testified that she has not been satisfied with the way her brother has been handling Andrew's financial affairs. She contended that Merrill was not entitled to half of the CRP income because he was not the operator of the farm for the three years prior to the enrollment of the farm in the CRP as required by the federal regulations governing the program.

At the hearing, Merrill testified that he is the operator of the farm because he seeded the land with his own machinery, capital and labor and he reports to the soil conservation service on an annual basis. Merrill testified that the appointment of a conservator was unnecessary because he has been managing his father's property and handling his father's financial affairs under the authority of the Power of Attorney since 1991. Merrill also testified that he has kept his sister informed of the various

3

transactions regarding their father's estate.

on June 9, 1994, the District Court issued its order denying the appointment of a conservator. The court concluded that while Andrew could not manage his own affairs (satisfying the requirements of § 72-5-409(2)(a), MCA), there was not sufficient persuasive evidence to meet subsection (2)(b) of the statute which requires a showing that Andrew has property "which will be wasted or dissipated unless proper management is provided. . . ."

Did the District Court err in finding that Andrew's property is not being wasted or dissipated and that appointment of a conservator for Andrew's estate is unnecessary?

The appointment of a conservator is controlled by statute in Montana. Sections 72-5-409(2)(a) and (b), MCA provide:

> (2) Appointment of a conservator or other protective order may be made in relation to the estate and affairs of a person if the court determines that:
>
> (a) the person is unable to manage his property and affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance; and
>
> (b) the person has property which will be wasted or dissipated unless proper management is provided or that funds are needed for the support, care, and welfare of the person or those entitled to be supported by him and that protection is necessary or desirable to obtain or provide funds.

There is no dispute that Andrew lacks the capacity to manage his property and affairs. However, this Court has previously ruled that even though the person can be shown to be incapacitated,

4

subsection (b) also requires a showing that the "person has property which will be wasted or dissipated unless proper management" is provided. See In the Matter of the Guardianship and Conservatorship of Swandal (1984), 210 Mont. 167, 171, 681 P.2d 701, 703.

The District Court noted, that while Ann has no argument with how Merrill has been handling Andrew's investment assets, questions may have been raised concerning the competency of Andrew at the time he entered into the agreement with Merrill and the legality of the participation in the CRP under such an agreement. The court concluded, however, that these questions did not rise to the level of persuasive proof of mismanagement, waste or dissipation of assets. Therefore, the court ruled that the second prerequisite necessary to the appointment of a conservator had not been satisfied.

In a non-jury trial, this Court will not disturb the district court's findings of fact unless they are clearly erroneous. Rule 52(a), M.R.Civ.P.; Columbia Grain International v. Cereck (1993), 258 Mont. 414, 417, 852 P.2d 676, 678. Our standard of review for questions of law is to determine whether the district court has correctly interpreted the law. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603.

The District Court correctly concluded that there was insufficient evidence presented by Ann at the hearing for a showing that Andrew's estate is being wasted or dissipated. We therefore affirm the order of the District Court denying the appointment of

a conservator for the estate of Andrew Kovatch.

_____
                        Justice

We Concur:

_____
          Chief Justice


_____


_____
          Justices

Justice W. William Leaphart, dissenting.

I dissent.  The parties do not dispute that Andrew lacks the capacity to manage his property and affairs. It is also undisputed that Andrew has property.  Nonetheless, the Court, citing In the Matter of the Guardianship and Conservatorship of Swandal (1984), 210 Mont. 167, 171, 681 P.2d 701, 703, has upheld the District Court's refusal to appoint a conservator because there was insufficient evidence presented for a showing that Andrew's estate is being wasted or dissipated.

It seems to me to be self evident that:

(a) property which is not properly managed will dissipate, and

(b)  an owner of property who is adjudged incapable, cannot properly manage that property: therefore,

(c) property left in the management of an incapacitated person will dissipate.

In other words, once a property owner is incapacitated what more proof is needed in order to warrant appointment of a conservator?  In the present case, the District Court found that Ann, the petitioner, had not produced persuasive proof of mismanagement, waste or dissipation of her father's assets.  The law, however, does not impose such a burden.  For obvious reasons, the law does not require the court to wait until there has been actual dissipation or waste.  Rather, the law is prospective in nature.  The statute allows appointment of a conservator when the person has property "which will be wasted or dissipated . . ."

7

Section 72-5-409(2)(b), MCA (emphasis added).  The fact that the property, with the help of friends or relatives, is not *presently* being mismanaged, is not the issue.  Rather, once a property owner is shown to be incompetent to manage his/her property, it is incumbent upon the court to appoint a conservator who is accountable to the court rather than sit back and wait to see how things develop under the watchful (and perhaps acquisitive) eye of an unsupervised friend or relative.  To the extent that it requires proof of past or present waste or dissipation of assets,  I would reverse our holding in *Matter of Swandal* and reverse the lower court herein for having incorrectly interpreted the law, i.e., § 72-5-409(2), MCA.

_W. William Hunt_
Justice

8