JUSTICE LEAPHART,
dissenting.
I dissent. The parties do not dispute that Andrew lacks the capacity to manage his property and affairs. It is also undisputed that Andrew has property. Nonetheless, the Court, citing In the Matter of the Guardianship and Conservatorship of Swandal (1984), 210 Mont. *327 167, 171, 681 P.2d 701, 703, has upheld the District Court’s refusal to appoint a conservator because there was insufficient evidence presented for a showing that Andrew’s estate is being wasted or dissipated.
It seems to me to be self evident that:
(a) property which is not properly managed will dissipate, and
(b) an owner of property who is adjudged incapable, cannot properly manage that property: therefore,
(c) property left in the management of an incapacitated person will dissipate.
In other words, once a property owner is incapacitated what more proof is needed in order to warrant appointment of a conservator? In the present case, the District Court found that Ann, the petitioner, had not produced persuasive proof of mismanagement, waste or dissipation of her father’s assets. The law, however, does not impose such a burden. For obvious reasons, the law does not require the court to wait until there has been actual dissipation or waste. Rather, the law is prospective in nature. The statute allows appointment of a conservator when the person has property “which will be wasted or dissipated ...” Section 72-5-409(2)(b), MCA (emphasis added). The fact that the property, with the help of friends or relatives, is not presently being mismanaged, is not the issue. Rather, once a property owner is shown to be incompetent to manage his/her property, it is incumbent upon the court to appoint a conservator who is accountable to the court rather than sit back and wait to see how things develop under the watchful (and perhaps acquisitive) eye of an unsupervised friend or relative. To the extent that it requires proof of past or present waste or dissipation of assets, I would reverse our holding in Matter ofSwandal and reverse the lower court herein for having incorrectly interpreted the law, i.e., § 72-5-409(2), MCA.