No. 97-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


ROBERT J. BLACKWELL,

Plaintiff and Respondent,

v.

RONALD U. LURIE,

Defendant and Appellant.


APPEAL FROM:   District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
            The Honorable Mike Salvagni, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Ronald U. Lurie, Pro Se, Bozeman, Montana

For Respondent:

Phillip F. Walsh, Walsh & McKenna,
            Bozeman, Montana


Submitted on Briefs: June 26, 1997

Decided: September 4, 1997
Filed:


_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

This is an appeal by Ronald U. Lurie from the Gallatin County District Court's March 3, 1997, memorandum and order denying his motions to compel the release of a foreign judgment against him filed by Robert J. Blackwell. We affirm and remand.

The issues on appeal are:

1. Did the District Court err in upholding the Bankruptcy Court's determination that Lurie was unable to close as a matter of law and that the release filed by Lurie on October 22, 1996, did not comply with 25-9-311, MCA, and therefore was unenforceable?

2. Did the District Court err in holding that Blackwell had conformed with the requirements of 25-9-504, MCA?

FACTUAL BACKGROUND

On November 9, 1994, Robert J. Blackwell filed a foreign judgment and affidavit in support of filing foreign judgment in the Eighteenth Judicial District Court, Gallatin County. The judgment originated from a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court, Eastern District of Missouri (the Bankruptcy Court), Case No. 92-42218-293. Blackwell, as the liquidating trustee for the Popkin & Stern Liquidating Trust, filed an adversary action against Ronald U. Lurie in the Chapter 11 proceeding. On October 20, 1996, the Bankruptcy Court entered a judgment in favor of Blackwell and against Lurie in the amount of $1,121,743. The judgment was entitled "judgment in favor of plaintiff, liquidating trustee, and against defendant Ronald U. Lurie on complaint to recover deficiency pursuant to 11 U.S.C. 723."

Also, on November 9, 1994, an execution was issued and property was seized from the Lurie home by the Gallatin County Sheriff pursuant to the writ of execution.

Blackwell, the Luries, and other interested parties entered into negotiations to settle all claims and disputes arising from the Chapter 11 proceeding. These negotiations resulted in three Global Settlement Agreements (agreements): one involving Ronald Lurie, one involving Nancy Lurie, and one involving their sons, Michael and Ryan. The Bankruptcy Court approved the agreements on October 19, 1995. On October 21, 1995, the Bankruptcy Court entered an order extending the closing date of the agreements from November 18, 1995, to December 13, 1995.

On December 15, 1995, the Bankruptcy Court held a show cause hearing to determine whether the Luries were capable of closing in accordance with the terms and conditions of the agreements. On January 18, 1996, the Bankruptcy Court issued its findings of fact, conclusions of law, and order on show cause order. The Bankruptcy Court found, as a matter of law, that the Luries were unable to close the agreements on November 18, 1995, and December 13, 1995. The Luries did not appeal the Bankruptcy Court's findings, conclusions, and order.

In the Bankruptcy Court, two adversary proceedings involving the fraudulent transfer of assets proceeded to trial against the Luries. In these proceedings, the

Luries moved to dismiss Blackwell's claims based on the release language in the agreements. On April 16, 1996, the Bankruptcy Court ruled against the Luries on their motion, stating that the agreements are unenforceable as releases.

On October 22, 1996, Lurie filed a "release" in the Gallatin County District Court. Attached to the filed "release" were the three agreements dated August 30, 1995, August 31, 1995, and September 13, 1995, and designated Release A, Release B, and Release C, respectively. As stated above, the sole purpose of the agreements was to compromise and settle all claims arising in the bankruptcy proceeding between Blackwell and the Luries. The agreements were signed by Blackwell in his capacity as Liquidating Trustee of the Popkin & Stern Liquidating Trust. The clerk of court who filed the "release" did not release the foreign judgment because the agreements were not signed by Lurie, nor was there any documentation from Blackwell satisfying the judgment, nor was there an order from the court.

On November 18, 1996, Lurie filed the first of multiple motions to compel, requesting that the District Court of Gallatin County order that the foreign judgment be fully released as in compliance with  25-9-311, MCA. Since Lurie only appeals the District Court's determinations on the motions filed on November 18, 1996, and December 3, 1996, we set forth the background of these motions as they are relevant to this Court's discussion.

The essence of Lurie's first motion is that he executed the three agreements, all of which became effective on November 18, 1995, the date first set for closing by the Bankruptcy Court. Lurie claimed that the agreements did not require that a closing actually take place for them to be effective. Blackwell argued that because there was no closing, as contemplated by the agreements, the agreements do not release the filed foreign judgment.

Another motion filed by Lurie on December 3, 1996, claimed that the foreign judgment was defective because it did not state the name of the judgment creditor, as required by  25-9-504, MCA. He argued that Blackwell incorrectly identified himself in  his individual capacity, rather than as the liquidating trustee of the trust.

The District Court held a hearing on February 13, 1997, to consider all four of Lurie's motions. On March 3, 1997, the District Court issued a memorandum and order denying all of Lurie's motions. The District Court ruled that because the closing never took place, the agreements were never completed and, thus, were unenforceable. The District Court also concluded that Blackwell properly identified himself in his filing of the foreign judgment because  25-9-504, MCA, only requires that the notice identify the plaintiff/judgment creditor, and does not require that their representative capacity be identified. Lurie appeals from the memorandum and order of the District Court.

ISSUE 1

Did the District Court err in upholding the Bankruptcy Court's determination that Lurie was unable to close as a matter of law and that the release filed by Lurie on October 22, 1996, did not comply with 25-9-311, MCA, and therefore was unenforceable?

Our standard of review for findings of fact is whether a finding is "clearly erroneous." Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603. "[A] finding is 'clearly erroneous' when, although there is evidence to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed." Steer, 245 Mont. at 474, 803 P.2d at 603.

When we review a district court's conclusions of law, our standard of review is plenary and we must determine whether the court's conclusions are correct as a matter of law. In re Matter of Kovatch (1995), 271 Mont. 323, 326, 896 P.2d 444, 446; Steer, 245 Mont. at 474-75, 803 P.2d at 603.

Lurie argues that the District Court erred in failing to release the foreign judgment obtained by Blackwell and filed with the District Court when Lurie filed his release along with copies of the three agreements. Lurie contends that the three agreements filed with his release on October 22, 1996, comply with the provisions of 25-9-311, MCA, and thus, satisfy the judgment. Section 25-9-311, MCA, provides:

Entry of satisfaction of judgment in docket. Satisfaction of a judgment may be entered in the clerk's docket upon an execution returned satisfied or upon an acknowledgment of satisfaction filed with the clerk, made in the manner of an acknowledgment of a conveyance of real property by the judgment creditor or by his endorsement on the face or on the margin of the record of the judgment or by his attorney unless a revocation of his authority is filed. Whenever a judgment is satisfied in fact otherwise than upon an execution, the party or attorney must give such acknowledgment or make such endorsement, and upon motion, the court may compel it or may order the entry of satisfaction to be made without it.

Lurie claims that it is undisputed that the three agreements have been executed by Blackwell, that the agreements were executed by Blackwell in the manner of an acknowledgment of a conveyance of real property according to the provisions of 25-9-311, MCA, and that the three agreements were appropriately filed with the District Court on October 22, 1996. Lurie asserts that the District Court's finding that there exists no documentation executed by Blackwell satisfying the foreign judgment is clearly erroneous. Accordingly, Lurie argues that the District Court's failure to release the foreign judgment based on that finding is erroneous and asks this Court to reverse the District

Court's
memorandum and order and direct it to release the foreign judgment filed against him.

Blackwell counters that the District Court did not err in relying on the Bankruptcy
Court's determination that Lurie was unable to close as a matter of law and that the
release language contained in the agreements between Lurie and himself was
unenforceable.  Blackwell argues that the Bankruptcy Court's findings of fact, conclusions
of law, and order on show cause order were binding on the District Court under  26-3-
201, MCA, and by the
language of the agreements themselves.  Thus, the agreements do not operate to satisfy
the judgment under the provisions of  25-9-311, MCA, because they are unenforceable.

Section 26-3-201, MCA, provides:

Effect of judgment or final order -- when conclusive. The effect
of a judgment or final order in an action or special proceeding before a
court or judge of this state or of the United States having jurisdiction to
pronounce the judgment or order is as follows:

(1)  In case of a judgment or order against a specific thing, or in
respect to the probate of a will or the administration of the estate of a
decedent, or in respect to the personal, political, or legal condition or
relation of a particular person, the judgment or order is conclusive upon the
title to the thing, the will or administration, or the condition or relation of
the person.

(2)  In other cases, the judgment or order is, in respect to the matter
directly adjudged, conclusive between the parties and their successors in
interest by title subsequent to the commencement of the action or special
proceeding, litigating for the same thing under the same title and in the
same capacity, provided they have notice, actual or constructive, of the
pendency of the action or proceeding.

This Court determines that the District Court was correct in relying upon the
Bankruptcy Court's findings, conclusions, and order dated January 18, 1996.  The
Bankruptcy Court's findings, conclusions, and order are final.  Lurie did not appeal the
Bankruptcy Court's finding that the closing, as contemplated by the agreements, could
not take place "because Ronald and Nancy Lurie are not ready and able to close."  Under
 26-3-201(2), MCA, the findings of the Bankruptcy Court regarding the agreements and
their enforcement are conclusive between Lurie and Blackwell.  Neither, the District
Court nor this Court can alter or amend the findings or conclusions contained in the
Bankruptcy Court's January 18, 1996, order.

Furthermore, as Blackwell points out, the language of the agreements precludes
any litigation in the courts of Montana concerning the agreements.  Each agreement includes the
following provision:

IX.  Governing Law and Forum.  This agreement shall by governed
and construed in accordance with the laws of the State of Missouri.  All
disputes or legal proceedings arising out of or relating to the binding effect
of this Agreement upon claimants under the Popkin & Stern Liquidating
Trust Agreement or relating to the scope, binding effect, duration or

interpretation of the injunction issued by the Bankruptcy Court shall be submitted to and heard by the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, pursuant to its original jurisdiction. If any party hereto files a Motion to Withdraw the reference of P& S's Bankruptcy Case with respect to an adversary proceeding among the parties hereto relating to a breach or interpretation of this Agreement then the other parties hereto shall be deemed to consent to the Motion to Withdraw the Reference.

Under this forum selection clause, the Gallatin County District Court is not the appropriate forum for Lurie to litigate any issue relating to the enforcement of the agreements because it lacks jurisdiction. Both parties agreed that any legal proceedings involving any aspect of the agreements and their enforcement would be heard only by the Bankruptcy Court.

Thus, this Court concludes that the District Court did not err in finding that the agreements were unenforceable and did not, by Lurie's filing with his "release," operate to satisfy the foreign judgment filed by Blackwell. Pursuant to 26-3-201(2), MCA, the District Court correctly relied upon the Bankruptcy Court's determination that the closing never took place and that the agreements were never completed. The issues relating to the agreements or to whether Lurie had closed cannot be litigated in the District Court or by this Court.

Because this Court concludes that the District Court was correct in finding that the agreements were unenforceable and do not operate to release the foreign judgment, we decline to address Lurie's arguments regarding whether the agreements were effective without there being a closing, and whether he has standing to assert the release provisions in the agreements regarding his wife, Nancy, and his sons, Michael and Ryan.

ISSUE 2

Did the District Court err in holding that Blackwell had conformed with the requirements of 25-9-504, MCA?

We review a district court's conclusions of law to determine whether they are correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

Lurie claims that the foreign judgment is defective because the notice of filing does not state the name of the judgment creditor as required by 25-9-504, MCA. Section 25-9-504(1), MCA, provides:

At the time of the filing of the foreign judgment, the judgment creditor or his attorney shall file with the clerk of the court an affidavit setting forth the name and last-known post-office address of the judgment debtor and the judgment creditor. The affidavit must also include a statement that the foreign judgment is valid and enforceable, and the extent of which it has been satisfied.

Lurie argues that the notice of filing incorrectly names "Robert J. Blackwell" as
the plaintiff and judgement creditor instead of "Robert J. Blackwell, Liquidating Trustee
of the Popkin & Stern Liquidating Trust" as the true plaintiff and judgment creditor.

Blackwell counters that there is no requirement that the judgment creditor must acknowledge his representative capacity or provide any information other than his name
and address.  Thus, he contends he has fully complied with the statutory provision.

As stated above, the statute provides that the notice sent by the judgment creditor
to the judgment debtor "must include the name and post office address of the judgment creditor."  Section 25-9-504(1), MCA.  The plain language of the statute requires only
that the person preparing the notice identify the judgment creditor; there is no requirement that the judgment creditor must acknowledge his representative capacity or
provide any information other than his name and address.  In addition, Rule 17(a), M.R.Civ.P., states in relevant part that:

> A personal representative, guardian, bailee, trustee of an express trust, a
> party with whom or in whose name a contract has been made for the benefit
> of another, or a party authorized by statute may sue in that person's own
> name without joining the party for whose benefit the action is brought . .
> . .

In his capacity as the liquidating trustee for the Popkin & Stern Liquidating Trust, Blackwell is allowed to file suit in his own name.  Thus, Blackwell has complied with both the statutory requirements of   25-9-504, MCA, and Rule 17(a), M.R.Civ.P.

This Court notes that the caption of the present action was styled after the caption
of the judgment from the Bankruptcy Court.  The caption only identifies Blackwell as the
plaintiff and makes no mention of his capacity as the liquidating trustee for the Popkin
& Stern Liquidating Trust.  However, Blackwell is clearly identified as the liquidating
trustee in the title of the judgment, as well as in the first paragraph of the judgment.

Furthermore, from the Bankruptcy Court proceedings, Lurie must have known or should have known that Blackwell was suing him, not in an individual capacity, but as the liquidating trustee of the Popkin & Stern Liquidating Trust. The foreign judgment that
Blackwell filed with the Gallatin County District Court resulted from the Bankruptcy Court proceedings.  Also, with the notice of filing of foreign judgment, Lurie received
a copy of the foreign judgment and an affidavit of Blackwell's attorney, both of which
identify Blackwell as the liquidating trustee for the Popkin & Stern Liquidating Trust.
Therefore, if Lurie could not determine Blackwell's status from the notice itself, he could

have reasonably concluded Blackwell's status from the attached copy of the foreign
judgment and the affidavit.

This Court concludes that the District Court did not err in ruling that Blackwell's
notice of filing of foreign judgment conformed with the requirements of  25-9-504,
MCA.  Blackwell fulfilled all statutory requirements regarding the notice and filing of the
foreign judgment and Lurie suffered no prejudice from the procedure involved.

Affirmed and remanded for further proceedings consistent with this opinion.

/S/  JIM REGNIER


We Concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER
/S/  W. WILLIAM LEAPHART