No. 97-493

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

RONALD U. LURIE,

Plaintiff and Appellant,

v.

ROBERT J. BLACKWELL, individually and in his capacity
as Liquidating Trustee of the Popkin & Stern Liquidating Trust,

Defendant and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mike A. Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ronald U. Lurie, Pro Se, Bozeman, Montana

For Respondent:

Michael F. McMahon; Harrison, Loendorf, Poston & Duncan;
Helena, Montana

Submitted on Briefs: October 9, 1997

Decided:    November 13, 1997
Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

Ronald Lurie filed a complaint in the District Court for the Eighteenth Judicial District in Gallatin County in which he alleged abuse of process against Robert J. Blackwell, individually and in his capacity as liquidating trustee of the Popkin & Stern Liquidating Trust. Blackwell removed the case to the United States District Court for the District of Montana, but that court dismissed the complaint and remanded it to the Montana District Court in Gallatin County. Blackwell filed a motion to dismiss the claim. After oral argument, the District Court granted the motion to dismiss. Lurie appeals. We affirm the order of the District Court.

The sole issue on appeal is whether the District Court erred when it granted the motion to dismiss.

## FACTUAL BACKGROUND

In October 1994, a judgment was entered against Ronald Lurie in the United States Bankruptcy Court for the Eastern District of Missouri. The judgment was in favor of Robert Blackwell, the liquidating trustee for the Popkin & Stern Liquidating Trust.

On November 9, 1994, Blackwell filed the foreign judgment in the District Court for Gallatin County and, pursuant to the judgment, a writ of execution was issued against Lurie. The notice of filing foreign judgment identified Blackwell as the plaintiff and foreign judgment creditor. He was not identified in his representative capacity. Pursuant to the writ of execution, the Gallatin County Sheriff seized property from the Lurie home.

The parties to the bankruptcy proceeding eventually reached settlement agreements, which were approved by the Bankruptcy Court in October 1995. In January 1996, the Bankruptcy Court held as a matter of law that the Luries were unable to close the agreements on the scheduled dates. In April 1996, that court held that the agreements were unenforceable as releases. It also held that Lurie's attempts to implement the agreements were tainted with bad faith.

Nonetheless, Lurie sought a release from the Bankruptcy Court judgment in the District Court in October 1996. Among other claims, Lurie alleged that the agreements operated to release the judgment, that the notice of filing foreign judgment was ineffective pursuant to õ 25-9-504, MCA, because it incorrectly identified Blackwell in his individual capacity, rather than in his representative capacity, and that the judgment was unenforceable. Both the District Court and then this Court held that Blackwell did in fact comply with õ 25-9-504, MCA, and that the judgment was effective. See Blackwell v. Lurie (Mont. 1997), 943 P.2d 1318, 54 St. Rep. 916.

This appeal involves a complaint for abuse of process that Lurie filed on December 3, 1996, against Blackwell individually and in his representative capacity. The first count alleged that Blackwell's failure to identify his representative capacity in the

notice of filing foreign judgment constituted abuse of process and claimed over one million dollars in actual damages and ten million dollars in punitive damages. The second count sought to recover an additional eleven million dollars in damages for abuse of process based upon Blackwell's alleged failure to file a sufficient bond pursuant to õ 27-18-602, MCA, when the Sheriff seized the Lurie property. Although not at issue here, Lurie filed an additional abuse of process claim against Blackwell, based upon his assertion that the agreements had supposedly released the judgment and Blackwell continued to attempt to enforce it.

Blackwell removed the case to the United States District Court for the District of Montana and filed a motion to dismiss, based upon a lack of subject matter jurisdiction. The U.S. District Court dismissed and remanded to state court. It held that it lacked jurisdiction because Lurie failed to obtain leave of the Bankruptcy Court before he brought suit.

Once back in State District Court, Blackwell again filed a motion to dismiss for, among other reasons, a lack of subject matter jurisdiction. That motion was granted based on the same reasoning applied in Federal District Court.

### DISCUSSION

Did the District Court err when it granted the motion to dismiss?

Whether to dismiss a claim based on lack of subject matter jurisdiction is a question of law. We review a district court's conclusion of law to determine if it is correct. See Poteat v. St. Paul Mercury Ins. Co. (1996), 277 Mont. 117, 119, 918 P.2d 677, 679. See also Matter of Beneficial Water Use Permit Nos. 66459-76L, Ciotti; 64988-G76L, Starner (1996), 278 Mont. 50, 54, 923 P.2d 1073, 1076.

The basis for the District Court's conclusion that it lacked subject matter jurisdiction over Lurie's abuse of process claim is the Barton doctrine. The Barton doctrine provides that "leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." In re DeLorean Motor Co. (6th Cir. 1993), 991 F.2d 1236, 1240 (applying Barton v. Barbour (1881), 104 U.S. 126, 26 L. Ed. 672). Without leave from the appointing court, no other court has jurisdiction to entertain suits against a trustee for acts done in an official capacity. See In re Kashani (B.A.P. 9th Cir. 1995), 190 B.R. 875, 884; In re Jacksen (B.A.P. 9th Cir. 1989), 105 B.R. 542, 545.

Lurie contends that the Barton doctrine does not apply here because he maintains that Blackwell was not acting in an official capacity, and that even if he was acting in his representative capacity, his actions were ultra vires and unprotected. It is true that a trustee who exceeds his authority will not be protected by the Barton doctrine. See

Leonard v. Vrooman (9th Cir. 1967), 383 F.2d 556, cert. denied (1968), 390 U.S. 925, 88 S. Ct. 856, 19 L. Ed. 2d 985.  See also In re Markos Gurnee Partnership (Bankr. N.D. Ill. 1995), 182 B.R. 211, 222 ("'ultra vires' actions involve only the personal liability of trustees . . . . [and] generally implicate none of the bases for bankruptcy jurisdiction, and are properly determined in a nonbankruptcy forum with no input from the bankruptcy court").  However, we disagree with Lurie's characterization of Blackwell's conduct and conclude as a matter of law that Blackwell's actions were within the scope of his authority.

In Markos Gurnee Partnership, the court noted that a trustee is "immune from suit for actions arising out of the operation of the estate," and that only a breach of a fiduciary duty or "willful violations of applicable nonbankruptcy law" are sufficient bases for a court to find that a trustee has acted outside the operation of the estate and should therefore be personally liable.  Markos Gurnee Partnership, 182 B.R. at 216-19.  For example, it observed that "trustees have been most commonly found to have acted outside of their authority . . . in seizing property which is found not to be property of the estate."  Markos Gurnee Partnership, 182 B.R. at 217 (citing Vrooman and Barton).

Lurie failed to submit any evidence that Blackwell acted in willful violation of the law or that he breached a fiduciary duty.  Nor did he make any allegation that Blackwell improperly seized non-estate property.  Rather, Lurie relies solely on the fact that Blackwell did not allege his representative capacity when he filed his foreign judgment.  It is undisputed that the only conduct complained of was the fact that Blackwell filed the foreign judgment.  In doing so, he clearly was performing his official duties as a trustee in the administration of the estate.  Accordingly, we conclude that Blackwell did not act individually or outside his official capacity.

Lurie also alleges that even if Blackwell acted in his representative capacity, his actions were ultra vires and, therefore, beyond his authority as a trustee and not protected by the Barton doctrine.  However, the doctrine of ultra vires applies when a trustee is without authority to perform an act in any circumstances or for any purpose.  See Larry C. Iverson, Inc. v. Bouma (1981), 195 Mont. 351, 366, 639 P.2d 47, 55 (contrasting ultra vires acts with acts committed without proper agency authority); Sibert v. Community College of Flathead County (1978), 179 Mont. 188, 191, 587 P.2d 26, 28 (labeling a statutorily unauthorized act as ultra vires).  Here, Blackwell's actions were not ultra vires because they were neither unlawful nor beyond his authority.

We held in Blackwell v. Lurie (Mont. 1997), 943 P.2d 1318, 1323, 54 St. Rep.

916, 919, a previous attempt by Lurie to fault Blackwell for failing to identify himself in his representative capacity, that "[t]here is no requirement that the judgment creditor must acknowledge his representative capacity."  Accordingly, Blackwell did not exceed his authority as a trustee, substantively or procedurally, when he filed the notice of filing foreign judgment in his name.  Therefore, we hold that the District Court was correct when it applied the Barton doctrine and dismissed Lurie's claim for lack of subject matter jurisdiction.

Blackwell has asked this Court to decide that Lurie's claim should be dismissed not only for lack of subject matter jurisdiction, but also on its merits based on collateral estoppel, and based on our holding in Blackwell v. Lurie (Mont. 1997), 943 P.2d 1318, 54 St. Rep. 916.  Once a court has determined that it lacks subject-matter jurisdiction, however, the only further action it can take is to dismiss the case.  See In re Marriage of Miller (1993), 259 Mont. 424, 427, 856 P.2d 1378, 1380; Rule 12(h)(3), M.R.Civ.P.  Thus, despite the fact that we rejected Lurie's nearly identical allegations in that case, the Barton doctrine precludes the consideration of substantive defenses no matter how meritorious they might be.

We understand Blackwell's frustration with Lurie's repeated efforts to avoid satisfaction of the judgment against him; this is the fourth appeal to this Court by Lurie and his family in cases involving Blackwell in just the last seven months.  However, despite our past holdings and the concomitant recognition of the dubious allegations put forth by Lurie in the present action, we lack jurisdiction to review the merits or to dismiss the claim as a matter of collateral estoppel.  We affirm the District Court's judgment.

/S/  TERRY N. TRIEWEILER

We Concur:

/S/  J. A.  TURNAGE
/S/  W. WILLIAM LEAPHART
/S/  JAMES C. NELSON
/S/  KARLA M. GRAY