FILED

06/13/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0608

DA 22-0608

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 111

SCOTT RYSEWYK,

      Plaintiff and Appellee,

  v.

MONTANA OPTICOM, LLC.,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-22-388A
Honorable Peter B. Ohman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Quentin M. Rhoades, Rhoades & Erickson PLLC, Missoula, Montana

      For Appellee:

          Michael L. Rabb, The Rabb Law Firm, PLLC, Bozeman, Montana

Submitted on Briefs:  May 3, 2023

Decided:  June 13, 2023

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Montana Opticom, LLC (Opticom) appeals from an Order issued on October 4, 2022, by the Eighteenth Judicial District Court denying Opticom's Motion to Disqualify Counsel for Scott Rysewyk (Rysewyk). We affirm.

¶2 We restate the issue on appeal as follows:

*Whether the District Court abused its discretion by denying Opticom's motion to disqualify Rysewyk's counsel.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In July 2019, Rysewyk acquired the property rights to a lot in a subdivision. Earlier in the 2010s, Opticom began installing fiber cables throughout that subdivision. At the time of Rysewyk's acquisition, he alleges that there was no indication that Opticom had trespassed and encroached upon his property by laying fiber cable.

¶4 On June 11, 2020, Rabb Law Firm (RLF), an attorney engaged by Rysewyk Construction, contends that Opticom sent a letter informing Rysewyk that he could not touch fiber cable on his property.

¶5 On September 11, 2020, RLF recalls sending a letter to Opticom's counsel informing the company of its representation of Rysewyk. From that date through February 2022, RLF claims to have been in communication with Opticom's counsel to resolve the fiber cable dispute.

¶6 On July 2, 2021, Jim Dolan, Jr. (Dolan), the manager and partial owner of Opticom, retained RLF to represent him in a private real estate matter. RLF asserts that Dolan did not inform the firm of his position with Opticom. Neither Rysewyk nor Opticom provided

2

the District Court with details regarding what kind of information Dolan provided RLF while the firm represented him. Specifically, neither party made allegations about confidential or prejudicial information involving Opticom being shared between Dolan and RLF.

¶7 On February 2, 2022, RLF, on behalf of Rysewyk, claims to have sent a final prelitigation demand letter to Opticom's counsel.[1]

¶8 On April 15, 2022, Rysewyk, represented by RLF, filed a complaint for damages alleging trespass, ejectment, negligent civil conspiracy, and inverse condemnation by Opticom as well as Dolan.

¶9 On May 7, 2022, RLF recounts that Opticom's counsel sent an email to RLF specifying Dolan's role at Opticom and stating their belief that RLF had a conflict barring it from representing Rysewyk in the lawsuit against Opticom.

¶10 On May 12, 2022, Opticom filed an Answer to Complaint and Counterclaim. Dolan verified his personal knowledge of the allegations in Opticom's Counterclaim. The filing did not include any reference to issues with Rysewyk having retained RLF as counsel.

¶11 On May 13, 2022, RLF alleges that the firm emailed Dolan and Opticom's counsel in response to the May 7, 2022 email sent by the latter. RLF disputed any issues with its representation of Dolan and Rysewyk but nevertheless stated its intent to return Dolan's retainer and to terminate the firm's representation of Dolan.

---

[1] Appellant's Reply Brief contends that Rysewyk misstates facts, and that the first time Opticom received knowledge that RLF represented Scott Rysewyk, as opposed to Rysewyk Construction, was when the complaint was served. However, Appellant fails to demonstrate how Opticom was prejudiced by these notices.

¶12 On May 23, 2022, RLF sent a letter to Dolan and a copy to Opticom's counsel notifying Dolan of the termination of the firm's representation. RLF explained that it had made a "business decision to withdraw" from representing Dolan.

¶13 On July 25, 2022, Opticom filed a Motion to Disqualify Plaintiff's Counsel, Petition for Permanent Injunction and Brief (Motion). Opticom alleged that Rysewyk's counsel of record, RLF, was disqualified from representing Rysewyk in the instant action because of the firm's earlier representation of Dolan.

¶14 On October 4, 2022, the District Court denied the Motion.

## STANDARD OF REVIEW

¶15 A district court's denial of a motion to disqualify is reviewed for an abuse of discretion. *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 26, 303 Mont. 274, 16 P.3d 1002. An abuse of discretion occurs when the district court acts arbitrarily without the employment of conscientious judgment or exceeds the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice. *Schuff*, ¶ 27.

## DISCUSSION

¶16 *Whether the District Court abused its discretion by denying Opticom's motion to disqualify Rysewyk's counsel.*

¶17 A motion to disqualify based on a conflict of interest requires a district court to evaluate if the movant has offered sufficient proof that continued representation of one party by the attorney or firm will prejudice or adversely impact the rights of another party

4

in the matter pending before the court. *Schuff*, ¶ 36 (citing Rules 1.7, 1.8, 1.9, 1.10, 1.16, M. R. Pro. Cond.).

¶18 The District Court denied Opticom's motion because Opticom did not "explain in its filings how it has been prejudiced or adversely impacted by [RLF's] concurrent representation of [Dolan] in a personal real estate transaction and [Rysewyk] in [a] separate easement-related matter." The court noted that Opticom did not provide any evidence that RLF received information about Opticom from Dolan. In short, Opticom offered "no proof of any actual prejudice flowing from the alleged conflict of interest."

¶19 Opticom argues that it did not have to provide any evidence of *actual* prejudice because RLF violated the fiduciary duty of undivided loyalty, which constitutes prejudice per se. Opticom cobbles together quotes from this Court's caselaw as well as from an opinion by the California Supreme Court to argue that such a violation occurs whenever a firm drops a client like a "hot potato."

¶20 The Montana Rules of Professional Conduct (Rules) specify that a concurrent conflict of interest exists if: "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." M. R. Pro. Cond. 1.7(a)(1-2). Notably, even if such a conflict exists, the Rules permit a lawyer to represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;

5

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

M. R. Pro. Cond. 1.7(b)(1-4).

¶21 The syllogism employed by Opticom to support its argument proceeds as follows: (1) an attorney *with a concurrent conflict of interest* cannot choose to represent one client and drop the other one adverse to the first like a "hot potato" (citing *Schuff*, ¶¶ 43-45) (emphasis added); (2) an attorney that does drop a client like a "hot potato" violates the attorney's duty of loyalty (citing *In re Johnson,* 2004 MT 6, ¶ 16, 319 Mont. 188, 84 P.3d 637); and (3) such a violation requires "automatic disqualification" because such "concurrent representation cannot be avoided by unilaterally converting a present client into a former client" (citing *Flatt v. Superior Ct.*, 885 P.2d 950, 957–58 (Cal. 1994)).

¶22 Despite relying on a California case, Opticom asserts that "Montana has adopted this rule fully." Opticom provides no citation to support that claim. Opticom attempts to analogize this case to *Krutzfeldt Ranch, LLC v. Pinnacle Bank*, 2012 MT 15, ¶ 13, 363 Mont. 366, 272 P.3d 635, where this Court concluded that an attorney who provided complex advice to and obtained confidential information from his clients breached his duty of loyalty upon working for a firm representing the adverse party in a suit against his clients.

¶23 The *Krutzfeldt Ranch* Court signaled the fact-specific nature of its conclusion by identifying the following as "the critical fact" to its decision: the attorney failed to withdraw from his representation of one client prior to accepting a position at a firm

6

representing the adverse party. *Krutzfeldt Ranch,* ¶ 21. In other words, the attorney in *Krutzfeldt Ranch* maintained his representation of clients while concurrently holding a position at a firm representing an adverse party. In addition to that "critical fact," the Court listed the attorney's failure to inform his former client that his work for them had concluded, failure to terminate his representation of them, and failure to advise them that he was thinking of joining the firm representing an adverse party as significant facts. *See Krutzfeldt Ranch,* ¶ 21. The Court also concluded that the attorney had gathered confidential information from his clients that explicitly pertained to the suit at issue. *Krutzfeldt Ranch*, ¶ 13.

¶24 Here, RLF withdrew from their representation of Dolan and returned his retainer six days after being notified by Opticom of their concern about a conflict of interest and one day after Opticom filed an answer and counterclaim verified by Dolan. In doing so and by continuing to represent Rysewyk, RLF did not violate the Rules. There is no indication RLF represented one client with claims directly adverse to another client. *See* M. R. Pro. Cond. 1.7(a)(1).

¶25 Moreover, Opticom misstates the law set forth by the *Krutzfeldt Ranch* Court. Citing *Schuff*, the *Krutzfeldt Ranch* Court specified that prejudice cannot be presumed. We instructed that an inquiry into the need for disqualification of counsel required: (1) investigating whether the Rules had been violated; and (2) establishing whether the party had shown sufficient proof of prejudice. *See Krutzfeldt Ranch*, ¶ 27 (citing *Schuff*, ¶ 36). We made clear that a breach of the Rules alone is insufficient to require

disqualification—evidence of prejudice "resulting" from that breach is an additional and necessary condition. *See Krutzfeldt Ranch*, ¶ 32.

¶26 The District Court's review of the record returned no facts nor allegations of adversity. Opticom does not allege confidential or prejudicial information was shared or otherwise obtained by RLF as a result of its representation of Dolan in an unrelated matter. In the absence of any such evidence, the existence of *a concurrent conflict of interest* has not been established. *See* M. R. Pro. Cond. 1.7(a)(1).

**CONCLUSION**

¶27 The District Court, presented with no evidence that Opticom was actually prejudiced, did not act arbitrarily nor exceed the bounds of reason by exercising its discretion to deny Opticom's motion to disqualify.

¶28 We affirm.

/S/ MIKE McGRATH

We Concur:

/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE

8