DA 25-0645

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 122N

FILED

06/02/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0645

KEVIN CUATT and HEIDI CUATT,

      Petitioners and Appellees,

   v.

XENA BENEDETTO,

      Respondent and Appellant,

CHRISTIAN BENEDETTO,

      Respondent.

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-25-393
Honorable Paul Sullivan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Xena Benedetto, Self-Represented, Jensen Beach, Florida

      For Appellees:

         Sean S. Frampton, Frampton Purdy Law Firm, Whitefish, Montana

         Submitted on Briefs: April 15, 2026

                Decided:  June 2, 2026

Filed:

                  _____
                          Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Xena Benedetto (Benedetto) appeals from the July 31, 2025 Order of the Eleventh Judicial District Court, Flathead County, denying her motion to vacate the filing of a foreign judgment, stay enforcement, and disqualify the petitioner's attorney. We affirm.

¶3 On March 6, 2025, Kevin and Heidi Cuatt (collectively, Cuatts) filed a notice of foreign judgment (Notice) entered by a Florida court with the District Court. The foreign judgment ordered Benedetto and Christian Benedetto (Christian)[1] to pay $362,000, with interest, to the Cuatts. The Cuatts also filed an Affidavit of Filing of Foreign Judgment (Affidavit) with the District Court. On March 10, the Cuatts sent copies of both the Notice and Affidavit through certified mail, with return receipt requested, to Benedetto and Christian at their last known addresses, as well as to their Florida-based counsel. Benedetto and her Florida attorney signed receipts for the notices, however the mail to Christian was returned unclaimed.

¶4 On March 28, 2025, Benedetto filed a motion to vacate the filing of a foreign judgment due to lack of notice, to stay enforcement of the foreign judgment, and to

---

[1] Christian did not appeal and did not sign Benedetto's brief on appeal. Thus, he is not a party to this appeal.

disqualify the Cuatts' attorney. In support of her motion to vacate, Benedetto claimed she had not been served or provided with the Notice. Benedetto additionally alleged she did not sign the certified mail receipt. However, in her accompanying affidavit, she declared she had reviewed the Notice. As for her motion to stay enforcement, Benedetto asserted the Florida proceedings were ongoing and subject to appeal. In the alternative, she claims a *lis pendens* action involving her Montana properties constitutes security on the judgment. Regarding her motion to disqualify the Cuatts' attorney, Benedetto alleged a conflict of interest because the Cuatts' Montana attorney's law firm had previously represented her in a "similar matter during which [she] shared confidential information regarding [her] legal affairs."

¶5 After briefing by both parties, the District Court dismissed Benedetto's motion entirely. The court reasoned that Benedetto's claim of lack of notice was undermined by her acknowledgment of actual notice in her pleadings. The court found that the Cuatts had complied with the statutory and constitutional notice requirements of § 25-9-504, MCA. The court denied her request for a stay of execution of judgment because Benedetto had not posted any security or otherwise demonstrated compliance with Florida appellate rules governing stay of execution of judgment. Finally, the court declined to disqualify the Cuatts' attorney after determining that the prior representation of Benedetto by the Cuatts' attorney's law firm was undertaken by a different attorney with the firm, occurred five years previously in an unrelated matter in Idaho concerning different legal issues and parties, and no evidence suggested confidential information obtained in the prior

3

representation would be relevant or used adversely in the instant case. Benedetto now appeals.

¶6    On appeal, Benedetto raises several issues asserting the District Court erred in denying her motion. She specifically challenges the authenticity of the certified mail receipt and whether she received meaningful notice. She claims the registered Florida judgment was procured by fraud and that a stay was necessary pending an appeal of that matter. Finally, she maintains that her prior attorney-client relationship merited disqualification of the Cuatts' attorney. We address these issues in turn.

**Notice of Entry of Foreign Judgment**

¶7    With respect to a district court's conclusions of law, we exercise plenary review and must determine whether the court's interpretation of the law is correct. *Leichtfuss v. Dabney*, 2005 MT 271, ¶ 21, 329 Mont. 129, 122 P.3d 1220 (citing *Blackwell v. Lurie*, 284 Mont. 351, 355, 943 P.2d 1318, 1321 (1997)).

¶8    Benedetto claims she never received notice of the filing, despite repeatedly acknowledging actual notice. She also challenges the authenticity of the certified mail receipt, despite conceding that actual receipt is not required by statute. She does not raise any challenge to sufficiency of the contents of the Notice and Affidavit.

¶9    "The fundamental requirements of due process are notice and opportunity for hearing appropriate to the nature of the case." *Kulstad v. Maniaci*, 2010 MT 248, ¶ 41, 358 Mont. 230, 244 P.3d 722 (quotation omitted). A judgment creditor seeking the entry of a foreign judgment must comply with the statutory notice requirements of § 25-9-504, MCA. *Blackwell*, 284 Mont. at 358, 943 P.2d at 1323. Section 25-9-504(2), MCA, governs

4

the notice requirements and mandates the judgment creditor "*shall mail notice of the filing of the judgment and affidavit*, attaching a copy of each to the notice, to the judgment debtor and to the judgment debtor's attorney of record, if any, at each person's last known address, *by certified mail, return receipt requested*." (Emphasis added.) A judgment creditor must only comply with the plain language of the statute to afford sufficient notice of the entry of judgment to the judgment debtor. *Blackwell*, 284 Mont. at 358, 943 P.2d at 1323. As Benedetto concedes in her opening brief, § 25-9-504, MCA, contains no requirement of actual receipt.

¶10 Here, Benedetto acknowledged she received actual notice, thus her challenge that the Cuatts failed to afford her notice of the entry is without merit. Her challenge to the authenticity of the certified mail return receipt, belied by her concession that actual receipt is not a requirement of § 25-9-504, MCA, likewise fails. We further note that Benedetto meaningfully participated in the proceedings. The District Court correctly concluded that the Cuatts had complied with the notice requirements of § 25-9-504, MCA. Accordingly, the court's denial of Benedetto's motion to vacate entry of foreign judgment is affirmed.

**Stay of Enforcement**

¶11 We review a district court's orders related to trial administration, such as a stay of enforcement, for an abuse of discretion. *In re Crow Water Compact*, 2015 MT 217, ¶ 20, 380 Mont. 168, 354 P.3d 1217. A district court abuses its discretion if it acted arbitrarily without the employment of conscientious judgment or exceeded the bounds of reason, resulting in substantial injustice. *Rysewyk v. Mont. Opticom, LLC.*, 2023 MT 111, ¶ 15, 412 Mont. 420, 530 P.3d 839.

¶12 Benedetto asserts separate, pending proceedings involving properties she owns in Montana secures the judgment.

¶13 A judgment debtor seeking a stay of execution of a foreign judgment must provide proof of a pending appeal of the foreign judgment, that the foreign court has issued a stay of execution, and that the judgment debtor "has furnished the security for the satisfaction of the judgment required by the state in which it was rendered." Section 25-9-505(1), MCA. Florida law requires a party appealing a money judgment post "a good and sufficient bond equal to the principal amount of judgment plus twice the statutory rate of interest on judgments on a total amount on which the party has an obligation to pay interest." Fla. R. App. P. 9.310(b).

¶14 Here, Benedetto has not proffered any evidence she had posted a sufficient bond in Florida. Her contention that separate proceedings secure the bond likewise fail because, as the District Court noted, while these proceedings may restrict the alienation of those assets, the *lis perdens* filed in that case does not constitute a bond or security against the Florida judgment as required by § 25-9-505(1), MCA. Accordingly, the District Court did not abuse its discretion in denying Benedetto's motion for stay of enforcement of the foreign judgment.

**Disqualification of Cuatts' Attorney**

¶15 We review a district court's denial of a motion to disqualify an attorney for an abuse of discretion. *Rysewyk*, ¶ 15. A district court abuses its discretion if it acted arbitrarily without the employment of conscientious judgment or exceeded the bounds of reason, resulting in substantial injustice. *Rysewyk*, ¶ 15.

6

¶16 Benedetto maintains that the Cuatts' attorney should have been disqualified because another member of his law firm had represented her in a previously unrelated matter and was privy to confidential legal information.

¶17 The Montana Rules of Professional Conduct, as relevant here, state that a conflict of interest exists if "the representation of one client will be directly adverse to another client" or the representation of one or more clients "will be materially limited by the lawyer's responsibilities to another client, a former client or a third person[.]" M. R. Pro. Cond. 1.7(b)(1)-(2). The rules further prohibit an attorney "who has formerly represented a client in a matter" from subsequently "representing another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client" absent the informed, written consent of the former client. M. R. Pro. Cond. 1.9(a). While lawyers are associated with a firm, none shall "knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9[.]" M. R. Pro. Cond. 1.10(a). The district court must evaluate if the party moving for the disqualification "has offered sufficient proof that continued representation of one party by the attorney or firm will prejudice or adversely impact the rights of another party in the matter pending before the court." *Rysewyk*, ¶ 17.

¶18 Here, the District Court made the requisite findings and concluded that the prior representation of Benedetto involving a member of the Cuatts' attorney's law firm concerned an unrelated regulatory issue in Idaho five years previously, that the parties were unrelated, and no confidential information from that representation would be relevant to or adversely used in the instant case. Benedetto offered no evidence in support of her

7

argument. Accordingly, the District Court did not abuse its discretion in denying Benedetto's motion to disqualify the Cuatts' attorney.

¶19 The District Court correctly determined the Cuatts had complied with the notice requirements of § 25-9-504, MCA, when it denied Benedetto's motion to vacate the filing of the foreign judgment. Further, the District Court did not abuse its discretion in denying her motion to stay the enforcement of that judgment or her motion to disqualify the Cuatts' attorney.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶21 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE