No. 23018.

THE ALAMEDA WATER AND SANITATION DISTRICT
*v.* DARRELL J. SKELTON.
(437 P.2d 796)

Decided March 4, 1968.

Robinson, Tilton and Robinson, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

In view of our disposition of this writ of error on the sole question of the jurisdiction of the trial court, other matters asserted need not be considered. We hold that the trial court did not have jurisdiction of the parties or the subject matter in entering the judgment which is challenged herein.

Plaintiff in error is The Alameda Water and Sanitation District. It will be referred to as the District. Defendant in error will be referred to by name.

The District was organized in 1952 pursuant to statute (now C.R.S. 1963, 89-5-4 and 8). It had thus been fully incorporated and was functioning and operating as a municipal corporation for approximately fourteen years. The District had retained legal counsel for a number of years, the same counsel appearing for it in this proceeding.

In 1966 certain legal questions arose pertaining to the conduct of an election for directors of the District. The president of the District decided to seek legal advice from the defendant in error Skelton.

A dispute arose among the directors of the District concerning payment of the legal fees to Skelton. The board, acting by a majority of the directors, refused to pay on the ground that Mr. Skelton had been retained by the president individually and not by the District and that the services rendered were not for and on behalf of the District.

Thereupon there was filed in the district court of Jefferson County a document entitled "IN THE MATTER OF THE ALAMEDA WATER AND SANITATION DISTRICT." The document was designated as "PETITION FOR ORDER OF PAYMENT OF ATTORNEY'S FEES TO ATTORNEY RETAINED BY PRESIDENT AND SECRETARY OF THE BOARD." The secretary of the board refused to join in the petition, hence, when it came on for hearing before the court only the president was the petitioner.

The District appeared and challenged the jurisdiction of the trial court to hear the petition of the president and further challenged the jurisdiction of the court "IN THE MATTER OF THE ALAMEDA WATER AND SANITATION DISTRICT." The court nevertheless denied the motion to dismiss the petition, heard evidence and entered an order directing the District to pay the fee.

■ We hold that the challenge to the jurisdiction of the court was valid. The court should have dismissed the president's petition.

■■ Under the appropriate statutes governing the organization of and the powers exercised by water and sanitation districts, C.R.S. 1963, 89-5-1 to 49, inclusive, the authority of the district court is limited by C.R.S. 1963, 89-5-3. Therein the court is empowered only to supervise the *organization of and to establish the district.* Thereafter the district becomes a body corporate with

powers enumerated in C.R.S. 1963, 89-5-13. Among the powers is subsection (3) "To sue and be sued, and be a party to suits, actions and proceedings."

■■ In order to invoke the jurisdiction of the court, it was necessary for Skelton, if he sought reimbursement from the District, to bring suit against it. There would then be assertion of a claim by appropriate pleadings, and the District would then have the opportunity, which due process requires, to file responsive pleadings. Thus there would be presented to the court an adversary proceedings wherein the burden of proof would be on Skelton.

■■ The attempt by the president to obtain authority from the district court, in its supervisory capacity, by a personal petition was therefore illegal since it is not provided for in the statute. The supervision of the district court is limited to the organization and establishment of the district, and once that has been completed its supervisory authority over the district ceases.

The judgment entered by the court for the attorney's fees was a nullity.

The judgment accordingly is reversed and the cause remanded to the trial court to dismiss the petition.