Mr. Justice Day
delivered the opinion of the Court.
Plaintiffs in error, hereinafter referred to as Intervenors, are here appealing an order of the Honorable S. Philip Cabibi, Judge of the district court of Pueblo County, limiting the examination of records of the Southeastern Colorado Water Conservancy District, hereinafter referred to as District.
On July 14, 1966, the board of directors in what was designated as “In the Matter of Southeastern Colorado Water Conservancy District” filed a petition requesting that the district court:
“[DJetermine the procedures to be followed in determining what persons are properly qualified to examine the books and records of the [District] and the terms and conditions under which such examinations should be made [and] the limits and extents thereof.”
The Intervenors were taxpayers owning property within the boundaries of the District and claimed concern about how the tax monies of the District were spent.
The Intervenors had made demand upon the District — among other things ■—■ to examine individual restaurant tickets and hotel statements for which vouchers had been drawn to pay the expenditures and also to examine the diary referred to by the District accountant which seemed to support some of the expenditures of the District. The District denied the request for such detailed data and resorted to the district court for guidelines as requested in the petition. Motion of the taxpayers appearing herein to intervene in the district court was granted. Another motion prior to hearing that Judge Cabibi disqualify himself was denied. Error is assigned to the issue of this disqualification of the judge as well as to the findings and rulings of the court.
In view of our disposition of this writ of error on the sole question of the jurisdiction of the trial court, the error assigned by the Intervenors need not be con *213 sidered. We hold that the trial court did not, in fact, have jurisdiction as an overseer or supervisor of the District although both the court and the District directors appear to have assumed that it did.
The jurisdiction of the court below to hear the petition in question has not been challenged by the Intervenors. However, we have consistently held that “[t]his court may notice questions, not raised by the assignments of error, that appear on the face of the record, when such consideration is necessary to do justice.” Hoggard v. Gen’l Rose Hosp., 160 Colo. 459, 420 P.2d 144 (1966); and “[t]he general rule is that the question of jurisdiction may be raised at any stage of an action, and that, too without an assignment of error on the subject.” Baker v. Denver Tramway Co., 72 Colo. 233, 210 P. 845 (1922). See also Neilson v. Bowles, 124 Colo. 274, 236 P.2d 286 (1951); Universal Co. v. Tenery, 96 Colo. 10, 39 P.2d 776 (1934); C.R.C.P. 12(h).
As noted above, the petition was lodged with the particular district judge under an allegation: “That [the] court has original and exclusive jurisdiction over said Southeastern Colorado Water Conservancy District, the directors and officers thereof, and all property, contracts, books and records of said district * * In its order setting a time for hearing on the above petition, the court found: “That this proceeding is a continuing proceeding for all purposes and that this court has exclusive jurisdiction by law over the business and affairs of said district, the directors and officers thereof. * * *” (Emphasis added.)
We are unable to find either statutory or decisional authority for the proposition that the court below had continuing supervisory authority over the business and affairs of the District or the authority to give legal advice as to what records might be open to the public. Adversary proceedings regularly brought under applicable rules of procedure or actions for declaratory judgment are readily available to interested or affected *214 members of the public concerning the corporate actions of the District or the individual actions of the District directors concerning the discharge of their official duties imposed by law.
The appropriate statutes governing the organization and powers exercised by water conservancy districts are found at C.R.S. 1963, 150-5-1, et seq. In its appeal brief, the District cites section 150-5-6(2) as granting continuing jurisdiction over the affairs of the District. We note, however, that the language cited is found in that section pertaining to the Notice of Hearing on Petition, and must accordingly be limited to granting jurisdiction to the court over the organization and incorporation of such districts. The general powers over the affairs of the District after incorporation are granted to the members of the board of directors by section 150-5-13, with the jurisdiction of the district court limited as follows:
“The district court sitting in and for any county in this state * * * is hereby vested with jurisdiction, power and authority when the conditions stated in section 150-5-4 are found to exist, to establish water conservancy districts * * * provided that the terms of this article shall not be construed to confer upon such district court jurisdiction to hear, adjudicate and settle questions concerning the priority of appropriation of water between districts organized under this article and ditch companies and other owners of ditches drawing water for irrigation purposes from the same stream or its tributaries, and jurisdiction to hear and determine such questions of law and questions of right growing out of or in any way involved or connected therewith, are expressly excluded herefrom and shall be determined in the proper county as otherwise provided by the laws of the state of Colorado.” Id. § 150-5-3.
If the applicable statutory requirements are complied with the district court is directed to formalize the organization:
*215 “Upon the said hearing, if it shall appear that a petition for the organization of a water conservancy district has been signed and presented in conformity with this article, and that the allegations of the petition are true, and that no protesting petition has been filed, or if filed has been dismissed, by order duly entered of record, the court shall adjudicate all questions of jurisdiction, declare the district organized and give it a corporate name, by which in all proceedings it shall thereafter be known, and thereupon the district shall be a political subdivision of the state of Colorado and a body corporate with all the powers of a public or municipal corporation.” Id. § 150-5-7(7) (Emphasis added.)
Following such organization, all powers are vested in the board of directors of the district, which is directed to act on behalf of such district. Id. § 150-5-13. See generally Alameda Water and Sanitation District v. Skelton, 165 Colo. 201, 437 P.2d 796. Any authority exercised by the district court following the organization and incorporation is limited to clear statutory provisions such as the filling of vacancies in the board of directors (Id. § 150-5-9) and is non-general in nature.
In the instant case, the District is the successor in interest of the Water Development Association of Southeastern Colorado, which was organized in 1958, pursuant to the above statutory provisions. The evidence presented at the hearing below indicates that Judge Cabibi had for some time been closely associated with the activities of the District. He had frequently attended meetings of the District’s board of directors, and attended national conventions of the Colorado River Water Users Association, with the cost of such attendance borne at least partially by the District. The president of the board of directors testified that the purpose of such attendance was to keep Judge Cabibi informed as to the problems that existed which might adversely affect the affairs of the District.
Based upon our determination that C.R.S. 1963, *216 150-5-1, et seq. and particularly section 150-5-6 (2) grants authority to supervise only the organization and incorporation of such districts, we can only conclude that it was improper for Judge Cabibi to maintain, in an official capacity, such a close personal and financial relationship with the District. Such association is violative of the judicial impartiality requisite for the proper functioning of an adversary system of justice.
If persons in the positions of the Intervenors herein desire to invoke the jurisdiction of the proper court, it is necessary for them to initiate an adversary proceeding wherein issues required by complaint and answer may be framed and evidence germane to the relief sought may be introduced in the light of its relevancy and materiality.
Writ of error dismissed and cause remanded with directions to vacate order and dismiss proceedings in the trial court.
Mr. Justice Groves not participating.