**Jewell L. CARREATHERS,**
**Plaintiff-Appellant,**

v.

**Harold G. CARREATHERS,**
**Defendant-Appellee.**

No. 82CA0268.

Colorado Court of Appeals,
Div. I.

Oct. 28, 1982.

James E. Rowe, Denver, for plaintiff-appellant.

Leslie Kaemingk, Westminster, for defendant-appellee.

COYTE, Judge.

Plaintiff, Jewell L. Carreathers, appeals the judgment of the trial court entered in a forcible entry and detainer action against defendant, Harold G. Carreathers. Since the trial court lacked subject matter jurisdiction, we reverse.

Plaintiff filed this forcible entry and detainer action in the Denver Superior Court against defendant seeking to recover possession of a house she claimed to own and $1500 in back rent. In his answer defendant denied that plaintiff was the true owner of the premises, admitted he was in possession, but denied that it was pursuant to a leasing agreement, and alleged the affirmative defense that he was the equitable owner of the property. Following a trial of the issues raised by the pleadings, the court ordered the forcible entry and detainer action dismissed and directed plaintiff to give defendant a quitclaim deed to the property.

The parties have not raised the issue of the subject matter jurisdiction of the Superior Court in the trial court or in this appeal. However, the question of subject matter jurisdiction may be raised at any stage of an action without an assignment of error, and an appellate court may decide a question of subject matter jurisdiction where it appears on the face of the record. *Peaker v. Southeastern Colorado Water Conservancy District,* 174 Colo. 210, 483 P.2d 232 (1971).

Upon a review of the record, we conclude that the Superior Court did not

have subject matter jurisdiction to decide any issue in this case.

■ The Superior Court is a court of limited jurisdiction. *Denver County Court v. Lee,* 165 Colo. 455, 439 P.2d 737 (1968). Its jurisdiction is "concurrent with the district courts in all civil actions, suits, and proceedings whatsoever where the debt, damage, or claim *or value of the property* involved in such civil actions is more than one thousand dollars but does not exceed five thousand dollars . . . ." Section 13–7–102(2), C.R.S.1973 (1981 Cum.Supp.) (emphasis added) If the amount in controversy exceeds the limits prescribed for the Superior Court, then that court shall transfer such actions to the district court. Section 13–7–103(2), C.R.S.1973.

In this case, defendant's answer to the complaint and his affirmative defense raised the issue of title to the property, and the record indicates that the value of the property exceeded $5,000. Thus, this case was a civil action in which the value of the property exceeded the jurisdictional limitations of the Superior Court and that court erred in deciding any of the issues raised. *See White v. Widger,* 144 Colo. 566, 358 P.2d 592 (1960); *Cox v. Godec,* 107 Colo. 69, 108 P.2d 876 (1941).

The judgment is reversed and the cause is remanded to the trial court with directions to transfer the case to the district court for further proceedings.

PIERCE and KELLY, JJ., concur.