**COLORADO DIVISION OF EMPLOYMENT AND TRAINING, DEPARTMENT OF LABOR AND EMPLOYMENT, Petitioner,**

**and**

**U.S. Department of Agriculture, U.S. Department of Labor, Interested Parties,**

**v.**

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO and (Ex-Officio Unemployment Compensation Commission of Colorado) and Stephen L. Trujillo, Respondents.**

Nos. 82CA0610, 82CA0833.

Colorado Court of Appeals, Div. 1.

Feb. 3, 1983.

Rehearing Denied March 27, 1983.

Certiorari Denied June 27, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Ann Sayvetz, Asst. Atty. Gen., Denver, for respondents Industrial Com'n of State of Colo. and (Ex-Officio Unemployment Compensation Com'n of Colo.)

Doug George, Alamosa, for respondent Stephen L. Trujillo.

COYTE, Judge.

By two separate petitions, petitioner, Colorado Division of Employment and Train-

ing, Department of Labor and Employment, seeks review of the order of the Industrial Commission awarding unemployment compensation benefits to Stephen L. Trujillo. We dismiss the petitions.

Trujillo filed an initial claim for unemployment compensation benefits with the Colorado Division of Employment and Training, claiming that he had been laid off from his employment as a laborer with the U.S. Department of Agriculture.

Trujillo then requested a review of this decision before a referee. The referee reversed the deputy's ruling and held that his services did constitute covered employment. The Division of Employment and Training and appealed to the Industrial Commission which remanded the case for further evidence. At the conclusion of the second hearing, the referee upheld the award of benefits stating that Trujillo's wages were not exempt from coverage.

The Industrial Commission awarded benefits to Trujillo, and the Division of Employment and Training filed a petition for review of that decision (No. 82CA0610). The Industrial Commission subsequently denied the request of the Division of Employment and Training for reconsideration and the Division of Employment and Training filed a petition for review of that ruling (No. 82CA0833). The two petitions have been consolidated.

■ The parties have not raised the issue of the standing of petitioner, Division of Employment and Training, an administrative agency of the State of Colorado, to seek appellate court review of an order of the Industrial Commission, another state agency. Because this issue goes to the question of our jurisdiction to consider the petitions at issue, it may be raised at any stage of the action without an assignment of error, and we may decide the question where it appears on the face of the record. *Peaker v. Southeastern Colorado Water Conservancy District,* 174 Colo. 210, 483 P.2d 232 (1971); *Carreathers v. Carreathers,* 654 P.2d 871 (Colo.App.1982).

■ Several principles of law must be considered in deciding the issue of the standing of the Division of Employment and Training to file the petition in this case. First, appellate review of an Industrial Commission order is not an inherent right. Appellate jurisdiction is derived from the statutory and constitutional provisions by which the right of appeal is created and can be acquired and exercised only in the manner prescribed therein. *Haley v. Elliott,* 20 Colo. 199, 37 P. 27 (1894). If the matter being appealed does not fall within the appellate jurisdiction of the court in question, the appeal should be dismissed. *See Wyatt v. Larimer & Weld Irrigation Co.,* 18 Colo. 298, 33 P. 144 (1893).

■ Further, the duties and powers of administrative agencies are determined and limited by the statutes by which they are created. Administrative agencies and their officers are without power to act contrary to the law or clear legislative intent or to exceed the authority conferred upon them by statute. *Flavell v. Department of Welfare,* 144 Colo. 203, 355 P.2d 941 (1960). The actions of administrative agencies and their officers which exceed the scope of their delegated duties and powers are void. *City and County of Denver v. Gibson,* 37 Colo.App. 130, 546 P.2d 974 (1975); *Colorado Civil Rights Commission v. Coors,* 29 Colo.App. 240, 486 P.2d 43 (1971).

Construing the then applicable statutory language, we have previously held that the Division of Employment and Training or the Department of Labor and Employment lacked authority to seek court review of a decision of the Industrial Commission regarding unemployment compensation claims. *Division of Employment ex rel. Sanchez v. Colorado Industrial Commission,* 31 Colo.App. 259, 500 P.2d 1192 (1972). At the time of that decision, 1969 Perm Supp., C.R.S.1963, § 82–5–11, provided that any "party aggrieved" by a final decision of the Industrial Commission regarding a claim for unemployment compensation could seek judicial review in the Court of Appeals.

The Department of Labor and Employment was defined as an interested party but the Division of Employment and Training was not. 1969 Perm Supp., C.R.S.1963, § 82–1–3(2) and (12). However, even though the Department of Labor and Employment was an "interested party" it was not deemed to be a "party aggrieved" by a decision of the Industrial Commission as required by the judicial review provisions. We therefore held that there was no statutory authority for either the Division of Employment and Training or the Department of Labor and Employment to seek review of a decision of the Industrial Commission regarding a claim for unemployment compensation.

Since the time of the above decision, the statutory provisions relating to judicial review of the decisions of the Industrial Commission affecting unemployment compensation claims have been amended and are now found in § 8–74–107, C.R.S.1973 (1982 Cum. Supp.). A review of that section reveals that it prescribes the procedures which are to be followed with respect to appellate court review of such a decision and mandates in which court such review must be brought. However, the language authorizing "any party aggrieved" by a final decision of the Industrial Commission to seek review has been deleted, and the statute is now totally silent as to who it is that has standing to seek appellate review of orders of the Industrial Commission. Thus, there is no statutory authority in the unemployment compensation statutes authorizing the Division of Employment and Training to seek appellate court review in this case.[1]

■ Since the unemployment compensation statute is silent as to which parties have standing to seek appellate court review, the provisions of the Administrative Procedure Act may be looked to as possibly supplementing those provisions. *See In re Claim of Zappas v. Industrial Commission,* 36 Colo.App. 319, 543 P.2d 101 (1975). However, even the court review provisions of the Administrative Procedure Act, § 24–4–106, C.R.S.1973 (1982 Repl.Vol. 10) do not authorize the Division of Employment and Training to seek judicial review in this case.

■ In the absence of an express statutory right, a subordinate state administrative agency may not seek judicial review of a decision of a superior administrative agency. *People in Interest of R.J.G.,* 38 Colo. App. 148, 557 P.2d 1214 (1976), *aff'd sub nom. City and County of Denver v. Brockhurst Boys' Ranch,* 195 Colo. 22, 575 P.2d 843 (1978); *see Board of County Commissioners v. State Board of Social Services,* 186 Colo. 435, 528 P.2d 244 (1974); *Board of County Commissioners v. Love,* 172 Colo. 121, 470 P.2d 861 (1970).

■ Consequently, since there is no statutory authority giving the Division of Employment and Training the right to seek judicial review of a final decision of the Industrial Commission regarding a claim for unemployment compensation, any attempt by the Division of Employment and Training to do so exceeds the scope of its duties and powers.

The petitions are dismissed.

STERNBERG and KIRSHBAUM, JJ., concur.

---

1. *But see* § 8–53–108, C.R.S.1973 (1982 Cum. Supp.) which provides that any person in interest, including the Division of the State Compensation Insurance Fund, may appeal a decision of the Industrial Commission. This provision is limited to workmens' compensation claims.