The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Phillip STEINBERG and Elizabeth Steinberg, and the improved real property known as unit D403, Gold King Condominiums, San Miguel, Colorado, Defendants-Appellees.

No. 82CA1221.

Colorado Court of Appeals,
Division 3.

Oct. 20, 1983.

John A.F. Wendt, Jr., Dist. Atty., Anthony J. Durrett, Asst. Dist. Atty., Delta, for plaintiff-appellant.

Marks & Olom, Jonathan L. Olom, Denver, for defendants-appellees.

TURSI, Judge.

The sole issue on appeal in this forfeiture action is whether it is proper to raise the defense of statute of limitations in a motion to dismiss pursuant to C.R.C.P. 12(b), or must it be raised as an affirmative defense in a responsive pleading pursuant to C.R.C.P. 8(c). The trial court found that the affirmative defense of statute of limitations was properly raised in a motion to dismiss, and therefore granted the motion. On appeal by the People, we affirm.

On May 27, 1981, a search of the condominium of defendants Phillip and Elizabeth Steinberg was conducted pursuant to warrant. Approximately two pounds of cocaine and one ounce of marijuana were seized. On June 1, 1982, the People filed a complaint alleging that the defendants' condominium constituted a Class 1 Public Nuisance subject to abatement and forfeiture in accordance with § 16–13–301 et seq., C.R.S.1973 (1982 Cum.Supp.). On the same date, the People's motion for a temporary restraining order pursuant to § 16–13–308(1), C.R.S.1973 (1982 Cum.Supp.) was granted by the trial court.

On June 10, 1982, the defendants filed a motion to dissolve the temporary restraining order and to dismiss the action under the one-year statute of limitations. See § 13–80–104, C.R.S.1973. On June 29, 1982, a hearing was conducted in which the People agreed to release the temporary restraining order. However, as to the complaint in forfeiture, the People argued that the defense of statute of limitations can be raised only in an answer under C.R.C.P. 8(c), and not in a motion to dismiss under C.R.C.P. 12(b). The trial court granted the defendants' motion to dismiss, and subsequently denied the People's motion to amend the judgment. See C.R.C.P. 59(e).

The statute authorizing forfeiture is penal in nature. In *Atchinon, Topeka & Santa Fe R.R. Co., v. Tanner,* 19 Colo. 559, 36 P. 541 (1894), construing the same statute of limitation, the court held that, in an action premised on a penal statute as opposed to a civil claim, the statute is jurisdictional in nature in that it specifies the time period during which a cause of action exists. *See Haley v. Elliott,* 20 Colo. 199, 37 P. 27 (1894). Accordingly, since the statute of limitations is here jurisdictional, it may be raised at any stage of the proceeding. *Peaker v. Southeastern Colorado Water Conservancy District,* 174 Colo. 210, 483 P.2d 232 (1971).

Here, the defendants challenged the propriety of the People's complaint by filing a motion to dismiss based on the fact that the complaint facially established a jurisdictional defect because of a violation of the statute of limitations. Such a motion has the effect of a motion for judgment on the pleadings, as averments of time will be considered in determining the sufficiency of the pleadings. C.R.C.P. 9(f); C.R.C.P. 12(c).

Having determined that it was without subject matter jurisdiction, the trial court properly granted defendants' motion to dismiss. *See* C.R.C.P. 12(h)(3). The People were not prejudiced as they were put on notice by the defendants' motion to dismiss, but failed to establish a basis for tolling the statute of limitations.

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.