**COLORADO DIVISION OF EMPLOYMENT AND TRAINING, Department of Labor and Employment, Petitioner,**

v.

**PARKVIEW EPISCOPAL HOSPITAL and the Industrial Commission of the State of Colorado, Respondents.**

No. 83CA1448.

Colorado Court of Appeals, Div. I.

Nov. 1, 1984.

Rehearing Denied Nov. 29, 1984.

Certiorari Granted May 20, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for petitioner.

Peterson & Fonda, P.C., Thomas T. Farley, Pueblo, for respondent Parkview Episcopal Hosp.

James Riley, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.

STERNBERG, Judge.

Petitioner, Colorado Division of Employment and Training, Department of Labor and Employment (Division), seeks review of the Industrial Commission's order allowing Parkview Episcopal Hospital (Parkview) to pay its unemployment compensation liabilities by the reimbursement method, pursuant to §§ 8–76–110(2)(d) and (i), C.R.S. We affirm the order.

In October 1982, Parkview notified the Division that it was electing to pay its

unemployment insurance under the reimbursable method in lieu of taxes. In December 1982, it requested a hearing on the applicability of § 8–76–110(2)(i), use of account excess. At a hearing before a referee, the Division and Parkview entered several stipulations regarding Parkview's tax status as a non-profit organization. The referee held that §§ 8–76–110(2)(d) and (i) were not applicable to Parkview.

Parkview appealed to the Commission, which remanded the case for further findings. The referee entered a supplemental order which again denied Parkview reimbursable employer status under § 8–76–110(2)(d). Parkview again sought review, and the Commission reversed the referee's decision. The Division then filed a petition for review, and the Commission affirmed its previous order. The Division now seeks appellate review of the Commission's order.

For the purpose of this review we accept the Division's contention that it has standing to appeal despite *Colorado Division of Employment & Training v. Industrial Commission,* 665 P.2d 631 (Colo.App.1983) because it is not a subordinate agency seeking judicial review of a superior agency decision. We also note that after this petition was filed the General Assembly expressly granted to the Division the statutory right to seek judicial review of decisions of the Commission.

The Division argues that the Commission's decision that §§ 8–76–110(2)(d) and (i) are applicable to Parkview is erroneous as a matter of law because that decision is based on a nonexistent distinction between section (d) and sections (b), (c), and (f) of § 8–76–110(2). We do not agree.

Section 8–76–110(2) provides the framework for certain organizations to elect to change from a taxable employer to a reimbursable employer status for unemployment compensation purposes. Section 8–76–110(2)(i) allows "any nonprofit organization which, prior to January 1, 1969, paid taxes required by articles 70 to 82 of this title and which *elects, pursuant to paragraph (d) of this subsection (2),* to make payments in lieu of taxes, [to use the account excess of taxes over benefits previously paid, before making the payments for unemployment benefits on or after the date of election]." (emphasis added).

Section 8–76–110(2)(d) applies to "any organization described in Section 501(c)(3) of the 'Internal Revenue Code of 1954,' as amended, which is exempt from income tax under section 501(a) of such code and which was liable under the provisions of the 'Colorado Employment Security Act,' articles 70 to 82 of this title, prior to January 1, 1972. . . ." while sections (b), (c), and (f) apply to any nonprofit organization subject to the Act on or after January 1, 1972.

The Commission found that § 8–76–110(2)(d) is distinguished from sections (b), (c), and (f) by its definition of nonprofit status, and the date the organization became subject to the Act. It applied the parties' previous stipulations to the statutory definitions, and concluded that because Parkview is not merely a nonprofit organization, but was also subject to the Act prior to January 1, 1972, § 8–76–110(2)(d) was the proper section to apply and that, therefore, § 8–76–110(2)(i) applied as well.

To read the statute as the Division urges, § 8–76–110(2)(d) would have had no force or effect since January 31, 1972, and the General Assembly's subsequent amendments to it would be meaningless.` We decline to reach this unreasonable result. *See* §§ 2–4–201(1)(b) and (c), C.R.S. (1980 Repl.Vol. 1B); *Flower v. People,* 658 P.2d 266 (Colo.1983).

Order affirmed.

PIERCE and BABCOCK, JJ., concur.