**PROPERTY TAX ADJUSTMENT SPECIALISTS, INC., as agent for Redlands Water and Power Company, Petitioner-Appellant,**

v.

**MESA COUNTY BOARD OF COMMISSIONERS, Respondent-Appellee,**

**and**

**Board of Assessment Appeals of the State of Colorado, Appellee.**

**No. 97CA0200.**

Colorado Court of Appeals,
Div. I.

April 16, 1998.

Kevin B. Pratt, Parker, for Petitioner–Appellant.

Maurice L. Dechant, Mesa County Attorney, Grand Junction, for Respondent–Appellee.

No Appearance for Appellee

Opinion by Judge DAVIDSON.

Petitioner, Property Tax Adjustment Specialists, Inc., as agent for Redlands Water and Power Company (Redlands), appeals from the decision of the Board of Assessment Appeals (BAA), upholding the decision of the Mesa County Board of Commissioners (BCC) denying Redlands' petition for an abatement of the taxes it paid on exempt property for tax years 1991 and 1992. We affirm.

Redlands is a mutual ditch company providing irrigation and electrical service. As a result of its operations, its property is exempt from separate taxation under Colo. Const. art. X, § 3(1)(d).

In 1982, the Department of Property Taxation (Department) began assessing Redlands as an electric utility. Redlands paid the assessed tax until 1995 when it protested the tax and asserted its exempt status. As a result of the protest, the Department determined that no tax was due for 1995.

Redlands then filed for an abatement of taxes paid for tax years 1982–1994, claiming that because the property had always been exempt, the full amount of taxes it had paid during that time should be refunded. Redlands was granted a refund for tax years 1993 and 1994 and denied a refund for 1982–1992 on the ground that the statute of limitations under § 39–10–114(1)(a)(I)(A), C.R.S. 1997, barred those claims. Redlands then filed a petition with the BCC.

The BCC took no action upon Redlands' petition during the six-month period mandated by § 39–1–113(1.7), C.R.S.1997, within which the BCC was to act. At the end of the six-month period, Redlands deemed its petition denied and appealed the denial to the BAA, requesting a full refund of the taxes paid or, in the alternative, claiming that the statute of limitations for a refund of illegally collected revenues had been extended to a four-year period by the enactment of Colo. Const. art X., § 20.

The BAA denied Redlands' petition for abatement, determining that the petition was governed by § 39–10–114(1), C.R.S.1997, and that, therefore, its request was barred by the two-year limitations period found there. This appeal followed.

I.

◼ As a threshold matter, we address the BCC's contention that this court lacks jurisdiction to hear this appeal. It argues that, under § 13–4–102(2)(x), C.R.S.1997, the court of appeals has jurisdiction to review decisions of the BAA only as provided in § 39–8–108(2), C.R.S.1997. Because § 39–8–108(2) refers only to appeals concerning property valuation, the BCC asserts, this court has no authority to hear an appeal concerning a petition for refund or abatement. We disagree.

Parties are entitled under Colo. Const. art. II, § 6, to judicial review of an administrative agency's actions and orders. Section 12–6–119, C.R.S.1997; *Allison v. Industrial Claim Appeals Office*, 884 P.2d 1113 (Colo.1994). Appellate jurisdiction is derived from the constitutional and statutory provisions by which the right of appeal is created. *Colorado Division of Employment & Training v. Industrial Commission*, 665 P.2d 631 (Colo. App.1983).

◼ Contrary to the BCC's contention, a party seeking judicial review of an agency action may have available more than one method by which such review may be obtained. For example, jurisdiction to review such actions may exist in organic legislation governing a particular state agency or may arise under the State Administrative Procedure Act. *See* § 24–4–106, C.R.S.1997 (granting judicial review of final agency actions in accordance with procedures outlined under the statute or other provisions established by particular agencies); *Colorado State Board of Medical Examiners v. Colorado Court of Appeals*, 920 P.2d 807 (Colo.1996). And, as relevant here, although § 13–4–102(2)(x) grants jurisdiction to this court to review BAA decisions concerning property valua-

tion, it does not, by its language, limit this court's jurisdiction to review other decisions of the BAA.

Thus, regardless of the scope of § 13–4–102(2)(x), jurisdiction here clearly has been conferred under Title 39, the organic legislation outlining property tax abatement and refund procedures. Specifically, § 39–10–114.5(1), C.R.S.1997, allows a petitioner whose petition for a refund or abatement has been denied by the BCC to appeal its decision to the BAA. And, § 39–10–114.5(2), C.R.S.1997, expressly grants jurisdiction to the court of appeals to hear an appeal from a decision of the BAA concerning a petition for refund or abatement.

Here, Redlands sought an abatement of taxes paid upon property that was exempt under Colo. Const. art. X, § 3. Its petition for abatement was granted in part and denied in part and Redlands requested review from the BAA. Under § 39–10–114.5(1), the BAA had jurisdiction to hear Redlands' appeal. Likewise, under § 39–10–114.5(2), an appeal from the BAA concerning a petition for abatement is within the jurisdiction of the court of appeals. Thus, Redlands' appeal is properly before this court.

## II.

On appeal, Redlands primarily contends that the BAA erroneously determined that Redlands' request for a refund for tax years prior to 1993 and 1994 was barred by the statute of limitations set forth in § 39–10–114(1)(a)(I)(A). We disagree.

■ Colo. Const. art. X, § 20(1), provides, in pertinent part, that:

Individual or class action enforcement suits may be filed and shall have the highest civil priority of resolution. Successful plaintiffs are allowed costs and reasonable attorney fees, but a district is not unless a suit against it be ruled frivolous. Revenue collected, kept, or spent illegally since four full fiscal years before a suit is filed shall be refunded with 10% annual simple interest from the initial conduct.

Redlands asserts that this provision extends the statute of limitations for seeking an abatement of property taxes beyond the two

years provided for under § 39–10–114(1)(a)(I)(A), and allows for an award of interest to a successful petitioner at a higher rate than that provided under § 39–10–114(1)(b), C.R.S.1997. Therefore, Redlands also contends that § 39–10–114(1), is unconstitutional because it conflicts with Colo. Const. art. X, § 20. However, by a plain reading of its terms, the provisions of Colo. Const. art. X, § 20(1), are inapplicable here.

■ In construing Colo. Const. art. X, § 20, a reviewing court must take into account what people believed the amendment to mean when it was accepted as fundamental law. *Havens v. Board of County Commissioners,* 924 P.2d 517 (Colo.1996).

■ Courts may rely on the general rules of statutory construction when construing a citizen-initiated constitutional amendment. *Bickel v. City of Boulder,* 885 P.2d 215 (Colo. 1994).

■■ In interpreting a statute, we must read the words and phrases in context and give them their plain and ordinary meaning. *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994). If the language of a constitutional provision conveys a clear and definite meaning without absurdity or internal conflict, then construction of such language must give full effect to the language used. *Dempsey v. Romer,* 825 P.2d 44 (Colo. 1992).

■ The principal purpose of Colo. Const. art. X, § 20, according to the express language approved by the electorate, is to require that the voters decide for themselves the necessity for imposing new tax burdens. Accordingly, that constitutional provision, through various procedural requirements, acts to limit the discretion of government officials to take certain actions pertaining to taxing, revenue, and spending in the absence of voter approval. *See City of Wheat Ridge v. Cerveny,* 913 P.2d 1110 (Colo.1996); *Havens v. Board of County Commissioners, supra* (Colo. Const. art. X, § 20, created a series of procedural requirements; it did not create any fundamental rights).

■ In order to protect citizens from improper or unwarranted taxes or spending increases, Colo. Const. art X., § 20, also provides relief to citizens for taxes imposed or revenue spent contrary to its procedures. *See Submission of Interrogatories on Senate Bill 93–74,* 852 P.2d 1 (Colo.1993). Thus, under the amendment, illegally collected revenues, resulting from violations of the amendment's spending limitations, or from a new or increased tax imposed by a governmental entity without prior voter approval in accordance with the procedures outlined in the amendment, are to be refunded. *See* Colo. Const. art. X, § 20(1) (districts may use any reasonable method for tax refunds under this section).

To enable a taxpayer to obtain these refunds, if such are refused by the relevant district, the amendment permits the filing of individual or class action enforcement suits. As pertinent here, a successful plaintiff in such action can recover any revenue "collected, kept, or spent illegally since four full fiscal years before a suit is filed."

■ Redlands asserts that this four-year window of recovery contained in the provision for individual or class action suits supersedes any other tax refund statute of limitation, such as that contained in Title 39. However, in context, it is quite apparent that the function of these suits is not to provide broad relief for any and all taxes improperly imposed, but, instead, to enforce the specific requirements of the constitutional provision in which they are contained. *See Bickel v. City of Boulder, supra* (the express intent of Colo. Const. art. X, § 20(1), is to permit taxpayer enforcement of its provisions); *see also Nicholl v. E–470 Public Highway Authority,* 896 P.2d 859 (Colo.1995) (individual taxpayer has standing under this provision to bring an action for enforcement of Colo. Const. art. X, § 20); *City of Wheat Ridge v. Cerveny, supra* (attorney fee provision of Colo. Const. art. X, § 20, was intended to enable citizens of ordinary means to enforce the amendment).

■ Thus, contrary to Redlands' argument, "revenue collected, kept, or spent illegally" necessarily must be construed narrowly to refer only to those revenues collected or spent by districts in violation of the procedures set forth in the amendment. Accordingly, unless a provision of that constitutional amendment otherwise has been violated, the enforcement provisions of the amendment simply have no application to taxes levied "erroneously or illegally" pursuant to § 39–10–114(1)(a)(I)(A).

In light of this interpretation, we need not address in this case the question whether, if an appropriate enforcement action is brought to obtain refunds under Colo. Const. art. X, § 20, the amendment's provisions supersede any conflicting constitutional or statutory procedures. This is because, here, Redlands has asserted its claim for relief on the ground that an illegal tax was collected from it because of an error in classifying its exempt property. However, that is not a claim for refund of taxes imposed in violation of the revenue or spending limitations as set forth in Colo. Const. art. X, § 20(4),(7), or (8).

Thus, the revenues to which Redlands asserts its claim were not collected illegally under Colo. Const. art. X, § 20, and therefore, simply are not subject to its enforcement provisions. Accordingly, the BAA properly denied Redlands' requests for refunds prior to tax years 1993 and 1994 as barred by the limitations period set out in § 39–10–114(1)(a)(I)(A).

In view of this conclusion, we need not address the parties' other contentions.

The order is affirmed.

METZGER and ROY, JJ., concur.