**Vonne TORREZ, Plaintiff–Appellant,**

v.

**Earl EDWARDS and Clifford E. Eley, Defendants–Appellees.**

**No. 04CA0293.**

Colorado Court of Appeals, Division IV.

Dec. 16, 2004.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2004.

Vonne Torrez, Pro Se.

Earl Edwards, Pro Se.

Clifford E. Eley, Pro Se.

Opinion by Judge RUSSEL.

Plaintiff, Vonne Torrez, appeals the trial court's judgment in favor of defendants, Earl Edwards and Clifford E. Eley. We affirm.

Plaintiff hired Edwards as her attorney for the purpose of objecting to the discharge of a debt owed to plaintiff by a petitioner in a bankruptcy proceeding. Plaintiff alleged that Edwards failed to represent her properly and asserted claims against him for negligence, breach of contract, and outrageous conduct.

Plaintiff alleged that Eley had negligently carried out his duties as trustee in the bankruptcy action. She asserted claims against him for negligence and outrageous conduct.

Eley filed a motion to dismiss raising a statute of limitations defense. Edwards filed an answer in which he denied liability and asserted that the applicable statute of limitations had expired.

In response to Eley's motion, plaintiff asserted, for the first time, that her claims were based in fraud and that a three-year limitations period should apply. She filed a motion seeking to amend her complaint.

The trial court denied plaintiff's request to amend her complaint and dismissed the ac-

tion with prejudice as to both defendants. The court ruled that plaintiff's action was barred by the statute of limitations.

Plaintiff then filed this appeal.

## I. Dismissal as to Eley

After filing his answer brief, Eley moved to dismiss plaintiff's appeal as to him. He argued that the trial court lacked jurisdiction under the *"Barton* doctrine." And he argued that, because the trial court lacked jurisdiction, we lack jurisdiction over the appeal.

■ Although Eley failed to raise this argument in the trial court, we will consider it because it implicates subject matter jurisdiction. *See Colo. Dep't of Pub. Health & Env't v. Caulk,* 969 P.2d 804, 807 (Colo.App.1998).

### A. *Barton* Rule

In *Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881), the plaintiff was injured while riding as a railway passenger. She sued the defendant, who was the receiver of the railroad property, for negligence. Applying common law, the Court held that the trial court lacked jurisdiction because the plaintiff had failed to obtain leave of the court that had appointed the defendant as the receiver.

■ Following *Barton,* federal courts developed a similar rule for suits against bankruptcy trustees. *Carter v. Rodgers,* 220 F.3d 1249, 1252 (11th Cir.2000). This development reflected the fact that "[t]he trustee in bankruptcy is a statutory successor to the equity receiver." *In re Linton,* 136 F.3d 544, 545 (7th Cir.1998).

■ Thus, in the bankruptcy context, the general rule is that "leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993); 7 Lawrence P. King, *Collier on Bankruptcy* ¶ 721.05[1] (15th ed.1987).

This rule is a well-established feature of federal common law. *See Carter v. Rodgers, supra,* 220 F.3d at 1252; *In re Linton, supra,* 136 F.3d at 545. It is also reflected, although not expressly stated, in a federal statute that codifies an exception, not applicable here, to the general rule. *See* § 28 U.S.C. 959(a); *In re Linton, supra,* 136 F.3d at 545 (the statute "assumes" the general requirement).

### B. Jurisdictional Rule

When a bankruptcy proceeding is filed in federal court, that court has "exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e). If brought without permission, suits against the bankruptcy trustee would undermine the integrity of this exclusive jurisdiction:

> If debtors, creditors, defendants in adversary proceedings, and other parties to a bankruptcy proceeding could sue the trustee in state court for damages arising out of the conduct of the proceeding, that court would have the practical power to turn bankruptcy losers into bankruptcy winners, and vice versa. A creditor who had gotten nothing in the bankruptcy proceeding might sue the trustee for negligence in failing to maximize the assets available to creditors, or to the particular creditor. A debtor who had failed to obtain a discharge might through a suit against the trustee obtain the funds necessary to pay the debt that had not been discharged.

*In re Linton, supra,* 136 F.3d at 546.

■ For this reason, when an action is brought in violation of the *Barton* rule, the trial court lacks subject matter jurisdiction. This is true for claims brought in state court, *see Lurie v. Blackwell,* 285 Mont. 404, 948 P.2d 1161, 1164 (1997), as well as in the wrong federal court. *See Muratore v. Darr,* 375 F.3d 140, 148 (1st Cir.2004); *Carter v. Rodgers, supra,* 220 F.3d at 1253; *In re Kashani,* 190 B.R. 875, 884 (B.A.P. 9th Cir. 1995). It is true even after the bankruptcy proceedings have concluded. *See Muratore v. Darr, supra,* 375 F.3d at 147 (citing *In re Linton, supra,* 136 F.3d at 545–46).

### C. Application Here

■ It is undisputed that plaintiff failed to obtain permission from the bankruptcy court before bringing this action. And plaintiff's allegation—that Eley was negligent in dis-

charging his duties as bankruptcy trustee—clearly is brought against Eley in his official capacity. *See Lurie v. Blackwell, supra,* 948 P.2d at 1163 (suit was against trustee in his official capacity where the conduct complained of occurred while defendant was performing his official duties as trustee). We therefore conclude that the district court lacked subject matter jurisdiction to adjudicate plaintiff's claims against Eley. *See Muratore v. Darr, supra; Lurie v. Blackwell, supra.*

■ It does not follow, however, that we are required to dismiss plaintiff's appeal. Were we to do so, the trial court's judgment—rendered on statute of limitation grounds—would stand undisturbed. Instead, we conclude that we have jurisdiction over this case as an appeal from a final judgment of the district court under § 13–4–102, C.R.S. 2004. And we conclude that, as an exercise of our jurisdiction, we may affirm, albeit on other grounds, the trial court's order of dismissal. *See Muratore v. Darr, supra,* 375 F.3d at 148 (affirming district court's order of dismissal under the *Barton* rule); *Carter v. Rodgers, supra,* 220 F.3d at 1255 (same); *Lurie v. Blackwell, supra,* 948 P.2d at 1164 (concluding that it lacked jurisdiction to review the merits, appellate court affirmed the district court's order of dismissal under the *Barton* rule). Thus, as to Eley, we affirm the trial court's order of dismissal under the *Barton* rule.

## II. Dismissal as to Edwards

■ Plaintiff next contends that the trial court erred in dismissing her action against Edwards under the statute of limitations. We disagree.

■ A plaintiff must commence an action for legal malpractice within two years after the cause of action accrues. *See* § 13–80–102(1), C.R.S.2004. A cause of action for legal malpractice accrues when a plaintiff learns facts that would put a reasonable person on notice of the general nature of the damage and that the damage was caused by the wrongful conduct of an attorney. *Morrison v. Goff,* 91 P.3d 1050 (Colo.2004); *Broker House Int'l, Ltd. v. Bendelow,* 952 P.2d 860 (Colo.App.1998).

Plaintiff alleged that Edwards had failed to "properly and adequately advise and represent" her in the bankruptcy proceeding and that he had "breach[ed] ... his duty to [plaintiff] to exercise reasonable care, skill, and diligence on her behalf." Although the complaint also alleged that Edwards had breached his agreement to provide "professional and competent legal services," the action was, for statute of limitations purposes, premised upon legal malpractice. *See Backstreet v. Hopp & Flesch, LLC,* 107 P.3d 1022, 2004 WL 2002534 (Colo.App. No. 03CA1522, Sept. 9, 2004) (although characterized as a contract claim, allegation that attorney "failed to adequately represent Plaintiff by failing to properly advise her" was based in tort); *McLister v. Epstein & Lawrence, P.C.,* 934 P.2d 844 (Colo.App.1996)(under Colorado law, claim based on violation of duty imposed by the attorney-client relationship sounds in tort rather than contract); *see also Int'l Tele–Marine Corp. v. Malone & Assocs., Inc.,* 845 F.Supp. 1427 (D.Colo.1994)(dismissing alternative contract claim alleging that the law firm failed to render agreed upon legal services in a skillful, competent, and professional manner).

Here, the alleged conduct forming the basis for plaintiff's claims occurred primarily in 1996 and 1997. Plaintiff has acknowledged that she was aware of her injury by November 2000. Because plaintiff did not file her complaint until November 2003, her claims were time barred. The trial court's order of dismissal has the effect of a judgment on the pleadings under C.R.C.P. 12(c). *See People v. Steinberg,* 672 P.2d 543, 544 (Colo.App. 1983).

■ Plaintiff also contends that the trial court should have allowed her to amend her complaint. Because Edwards had filed an answer before plaintiff sought to amend her complaint, our review is limited to determining whether the trial court abused its discretion. *See* C.R.C.P. 15(a); *Civil Serv. Comm'n v. Carney,* 97 P.3d 961 (Colo.2004).

■ In deciding whether to grant a motion to amend, the trial court must consider the totality of the circumstances, balancing the policy favoring amendment against the burden the amendment imposes on the

other party. Grounds upon which a court may deny a motion to amend include unfair prejudice, bad faith, and futility. *See Polk v. Denver Dist. Court*, 849 P.2d 23 (Colo.1993).

Here, the trial court determined that nothing in plaintiff's motion to amend would alter its determination that the complaint was untimely. Indeed, the proposed amended complaint contained no new factual allegations and, while generally alleging fraud, failed to do so with particularity as required by C.R.C.P. 9(b). Accordingly, we perceive no abuse of discretion.

The judgment is affirmed.

Judge KAPELKE and Judge GRAHAM concur.