**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VONNE I. TORREZ,

      Plaintiff-Appellant

v.

CLIFFORD E. ELEY,

      Defendant-Appellee.

No. 09-1464
(D.C. No. 1:08-CV-02708-REB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **BALDOCK**, and **TACHA**, Circuit Judges.

---

Vonne Torrez appeals from an order of the district court granting defendant

Clifford Eley's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Because we agree with the district court's conclusion that Ms. Torrez's claims are

time barred, we exercise our jurisdiction under 28 U.S.C. § 1291 to affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background[1]

Ms. Torrez's claims against Mr. Eley stem from advice that he gave her in his capacity as a bankruptcy trustee in 1996 and 1997. The debtor in that proceeding, Charles G. Dickinson, allegedly owed Ms. Torrez over $700,000. In 1997, Ms. Torrez filed an adversary proceeding under 11 U.S.C. § 523(c) seeking to except this debt from discharge under § 523(a)(6).[2] Mr. Dickinson, however, moved to dismiss the complaint as untimely under Fed. R. Bankr. P. 4007(c), which required such complaints to be filed within sixty days of the first date set for a specified meeting of creditors. The bankruptcy court ultimately dismissed Ms. Torrez's § 523(c) complaint on the merits, declining to reach the timeliness issue. On appeal, however, we affirmed the dismissal based on Ms. Torrez's failure to file within the sixty-day time period. *See Torrez v. Dickinson*, No. 99-1506, 2000 WL 1761065, at *2 (10th Cir. Nov. 29, 2000) (unpublished) (rejecting plaintiff's interpretation of Rule 4007(c) and holding her complaint was untimely).

---

[1] This information is assembled from the factual allegations in Ms. Torrez's complaint, as well as from our own recitation of the facts in *Torrez v. Dickinson*, No. 99-1506, 2000 WL 1761065, at *2 (10th Cir. Nov. 29, 2000) (unpublished), an Order & Judgment that we issued in a related proceeding. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (noting that court may take judicial notice of its own files and records in the context of a Rule 12(b)(6) motion).

[2] Under § 523(a)(6), a debtor is denied discharge from liability arising out of his willful and malicious injury to another or another's property.

Three years later, in November 2003, Ms. Torrez filed the first of three state actions against Mr. Eley and her former attorney, in which she blamed them for losing her adversary proceeding in the bankruptcy case. Specifically, she accused Mr. Eley of giving her incorrect information concerning the deadline for filing her § 523(c) complaint. She sought damages against him based on theories of breach of fiduciary duty, fraud, and deceit. The state court dismissed the first action, concluding that Ms. Torrez's claims against both Mr. Eley and her attorney were barred by the statute of limitations.[3] In December 2004, the Colorado Court of Appeals affirmed that dismissal, but on separate grounds. It concluded there was no subject matter jurisdiction over the claims against Mr. Eley based on the long-standing *Barton*[4] rule:

> [I]n the bankruptcy context, the general rule is that leave of the
> appointing forum must be obtained by any party wishing to institute
> an action in a non-appointing forum against a trustee, for acts done in
> the trustee's official capacity and within the trustee's authority as an
> officer of the court.

*Torrez v. Edwards*, 107 P.3d 1110, 1112 (Colo. App. 2004) (internal quotation marks omitted). Because Ms. Torrez did not have the bankruptcy court's permission to bring claims against Mr. Eley in state court, the appeals court

---

[3]  The parties dispute whether Ms. Torrez's claims are governed by the two-year statute of limitations applicable to most Colorado tort claims, C.R.S. § 13-80-102, or by the three-year limitations period applicable to claims for fraud and deceit, *id.* § 13-80-101. We need not resolve that issue, however, as we conclude her claims are barred under either provision.

[4]  *Barton v. Barbour*, 104 U.S. 126 (1881).

-3-

concluded that the trial court had erred in adjudicating those claims. Rather than vacate the trial court's decision, however, the appeals court exercised its discretion to affirm the order of dismissal as to Mr. Eley on an alternate ground, namely lack of subject matter jurisdiction. *See id.* at 1113. Ms. Torrez's two subsequent actions against Mr. Eley were dismissed on jurisdictional grounds.

In December 2008, Ms. Torrez filed this action in federal district court, asserting substantially the same claims against Mr. Eley and seeking damages in excess of $700,000.[5] The district court dismissed the action under Rule 12(b)(6), however, concluding Ms. Torrez's claims were barred by the statute of limitations. In so holding, the court rejected Ms. Torrez's argument that Colorado's remedial revival statute, C.R.S. § 13-80-111, applied to her claims. That provision allows for the refiling of a timely filed action that was dismissed for improper venue or lack of jurisdiction. But the district court concluded that Ms. Torrez's "first state court action was not dismissed for lack of jurisdiction or improper venue, but rather on statute of limitations grounds. Thus, Colo. Rev. Stat. § 13-80-111 [was] inapplicable." R. at 104 (magistrate judge's report and recommendation); *see id.* at 127 (district court order adopting same).

---

[5]     Ms. Torrez alleges: "Eley's conduct in failing to properly and adequately advise the Plaintiff, creditor, was a breach of his duty to Torrez to exercise reasonable care, skill and diligence on her behalf. In fact, the representation was fraudulent and showed deceit by Trustee Eley." R. at 6.

Ms. Torrez challenges this ruling on appeal, contending that the Colorado Court of Appeals' decision in her first state action established that it was, in fact, dismissed on jurisdictional grounds. Thus, she argues, the remedial revival statute applies to that and every subsequent dismissal so as to save her claims from the limitations time bar.

**Discussion**

Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). On de novo review, *Russell v. United States*, 551 F.3d 1174, 1178 (10th Cir. 2008), we conclude it is clear from Ms. Torrez's complaint and from the public record that her claims have expired.

The act Ms. Torrez complains of occurred in 1997, when Mr. Eley allegedly gave her bad advice regarding the deadline for filing her adversary proceeding against Mr. Dickinson. Ms. Torrez admits this is beyond any applicable limitations period, but she insists her claims are saved by C.R.S. § 13-80-111, because, properly construed, the dismissal of her first state lawsuit was on jurisdictional grounds and not on statute of limitations grounds. We have no qualms with this latter assertion. That is, we agree that the Colorado Court of Appeals determined the trial court lacked jurisdiction and affirmed the dismissal

of the claims against Mr. Eley on that basis. *See Torrez v. Edwards*, 107 P.3d at 1113. The problem for Ms. Torrez is that the remedial revival statute applies only when the earlier complaint was timely filed. *Broker House Int'l, Ltd. v. Bendelow*, 952 P.2d 860, 864 (Colo. App. 1998). Her original complaint plainly was not.

As the district court noted, she did not file her first lawsuit until November 2003, six years after the events cited in the complaint. Ms. Torrez claims that she could not have discovered Mr. Eley's bad advice until November 2000, when this court concluded she had failed to timely file her § 523(c) complaint in the adversary proceeding. But this claim is belied by her own conduct in that proceeding. The record shows that Ms. Torrez fought Mr. Dickinson's efforts to have her complaint dismissed as untimely. Indeed, in our earlier Order & Judgment, we referenced her response to the motion to dismiss, noting that the parties continued to argue over the timeliness of Ms. Torrez's complaint throughout the appeal process. *Torrez v. Dickinson*, 2000 WL 1761065, at *2. Having briefed this issue in 1997, it is clear Ms. Torrez was on notice well before November 2000 that Mr. Eley may have given her bad advice as to when her § 523(c) complaint was due. *See Broker House*, 952 P.2d at 863-64 (holding, in attorney malpractice action, that "it was not necessary for plaintiff to await the outcome of the underlying appeal before being charged with knowledge of defendants' negligence"). We thus agree with the district court that any

applicable statute of limitations had expired by the time Ms. Torrez filed her first lawsuit in 2003, thus rendering C.R.S. § 13-80-111 inapplicable.

We also conclude the district court committed no procedural irregularities in referring Mr. Eley's motion to a magistrate judge for recommendation and in disposing of it under Rule 12.  Its judgment is therefore AFFIRMED.

Entered for the Court


Deanell R. Tacha
Circuit Judge